ALBERTA G. CLARK, an Infant, by DELBERT CLARK, Her Guardian ad Litem, Respondent, *v.* CITY OF BUFFALO, Appellant.

DELBERT CLARK, Respondent, *v.* CITY OF BUFFALO, Appellant.

Argued March 9, 1942; decided April 23, 1942.

*Edward J. Sullivan, Corporation Counsel (Bart J. Shanahan* of counsel), for appellant. The alleged failure of the defendant to remove a piece of broken glass from its premises was not the proximate cause of plaintiff's damages. (*Laidlaw* v. *Sage,* 158 N. Y. 73; *Maloney* v. *Kaplan,* 233 N. Y. 426; *Ship* v. *Fridenberg,* 132 App. Div. 782; *Morse* v. *Buffalo Tank Corp.,* 280 N. Y. 110; *Hoose* v. *Drumm,* 281 N. Y. 54; *Graff* v. *Board of Education,* 283 N. Y. 574; *Rosenfeld* v. *Matthews Co.,* 282 N. Y. 755; *Beetz* v. *City of Brooklyn,* 10 App. Div. 382.) The defendant was not bound to anticipate the remote possibility of the wrongful conduct of a third person and the consequent injury to the plaintiff. (*Berner* v. *Board of Education,* 286 N. Y. 174; *Kennet* v. *Sossnitz,* 286 N. Y. 623; *Ford* v. *Grand Union Co.,* 268 N. Y. 243; *Lane* v. *City of Buffalo,* 232 App. Div. 334; *Levy* v. *City of New York,* 255 App. Div. 857; 280 N. Y. 637; *De Salvo* v. *Stanley-Mark-Strand Corp.,* 281 N. Y. 333; *Bergman* v. *Feitelowitz,* 278 N. Y. 620.) The defendant furnished such supervision as the law requires. (*Papow* v. *Central School District,* 277 N. Y. 538; *Collentine* v. *City of New*

York, 279 N. Y. 119; *Augustine* v. *Town of Brant*, 249 N. Y. 198; *Schneider* v. *Village of Lake George*, 280 N. Y. 507; *Fritz* v. *City of Buffalo*, 277 N. Y. 710; *Rafsky* v. *City of New York*, 257 App. Div. 855; *Smith* v. *Board of Education*, 255 App. Div. 924; *Kantor* v. *City of New York*, 251 App. Div. 454; *Curcio* v. *City of New York*, 275 N. Y. 20; *Thompson* v. *Board of Education*, 280 N. Y. 92; *Willcox* v. *County of Erie*, 277 N. Y. 604.)

*Willard M. Pottle* for respondents. A dangerous condition existed at the scene of the accident by reason of the presence of glass and such condition was the proximate cause of the accident. The city in the exercise of reasonable care should have provided for supervision of children by attendants. (*Fritz* v. *City of Buffalo*, 277 N. Y. 710; *Garrett* v. *Bee Line, Inc.*, 257 App. Div. 981; *Schneider* v. *Village of Lake George*, 254 App. Div. 909; 280 N. Y. 507; *Parnell* v. *Holland Furnace Co.*, 260 N. Y. 604; *Burns* v. *Brooklyn Union Gas Co.*, 258 App. Div. 348; *Connell* v. *Berland*, 223 App. Div. 234; 248 N. Y. 641; *Jackson* v. *London County Council*, 28 Times Law Rep. 359; *McStravick* v. *City of Ottawa*, 64 Ontario Law Rep. 275; *Palsgraf* v. *Long Island R. R. Co.*, 248 N. Y. 339; *Popow* v. *Central School District*, 277 N. Y. 538; *Smith* v. *Board of Education*, 255 App. Div. 924; *Cambas* v. *City of New York*, 285 N. Y. 781; *McMahon* v. *City of Buffalo*, 257 App. Div. 916.) The defendant did not furnish such supervision as the circumstances demanded. (*Peterson* v. *City of New York*, 267 N. Y. 204; *Curcio* v. *City of New York*, 275 N. Y. 20; *Collentine* v. *City of New York*, 279 N. Y. 119; *Van Dyke* v. *City of Utica*, 203 App. Div. 26; *Rafsky* v. *City of New York*, 257 App. Div. 855.)

LEWIS, J. Riverside Park in the city of Buffalo is owned and maintained by that city for public use. Within the park area of five acres is a variety of recreational facilities including a swimming pool for adults and a wading pool for children. During the morning of July 14, 1940, the infant plaintiff, a child of seven years, accompanied by her brother, aged five, and another companion, aged ten, were wading. There came a time when they left the pool and walked to an adjacent grassy slope to enjoy a sun bath. Meantime a boy of eight years, who had been wading with them and with whom no altercation had taken place, remained standing near the edge of the pool. As the plaintiff and her companion mounted the grassy

slope, the boy, without warning and without cause, picked up several stones and small pieces of glass which he threw in their direction. One of the pieces of glass struck and permanently injured the plaintiff's eye as she turned to look back.

By the present actions the infant plaintiff — to whom reference will be made as " the plaintiff "— and her father charge the city of Buffalo with legal responsibility for her injuries. Judgments in the plaintiffs' favor, entered upon a jury's verdict at Trial Term, have been unanimously affirmed by the Appellate Division. The judgments of affirmance are here on appeal by our permission.

The city is charged with negligence in that, having permitted a concessionaire to sell within the park drinks from bottles which when emptied were thrown upon the ground and broken, the city failed to remove broken glass from the ground and failed properly to supervise children while playing in the park.

The city is not an insurer of the safety of those who make use of its park facilities. The law requires, however, that it shall exercise reasonable care in the maintenance of its parks and in the supervision of their use by the public. (*Curcio* v. *City of New York*, 275 N. Y. 20, 23; *Peterson* v. *City of New York*, 267 N. Y. 204, 206.)

In the present record there is evidence that refuse, including empty bottles, is discarded by the public about the park and that children at play have been seen to throw such refuse. There is also evidence that bottles thus discarded have in many instances become broken. But there is uncontradicted evidence that on the date of the accident and prior thereto the city employed at Riverside Park porters and laborers whose special duty it was to remove bottles, broken glass, papers, sticks and other common forms of litter strewn by the public about the grass plots and paths within the park. The evidence is not disputed that these porters and laborers, thus assigned, were about their duties eight hours each day, including Sundays, and that several times each day they picked up bottles, broken glass and any refuse which they found in that area near the wading pool where the boy stood when he threw stones and glass toward the plaintiff and her companions. Nor is it disputed that the city employed life guards and attendants who were stationed at and near the swimming and wading pools whose duty it was to supervise the use of those facilities.

The problem, being one of causation, prompts the inquiry whether the record contains any evidence from which the jury could find that the proximate cause of injuries suffered by the plaintiff was a failure by the city to exercise reasonable care either in the maintenance of the park as a public place for recreation or in the supervision of facilities which it afforded for children's play.

There is no evidence that prior to the accident the plaintiff, her two companions and the boy who threw the glass were quarrelsome; nor is there proof that anything had occurred in their play either in the wading pool or elsewhere from which the most vigilant life guard or attendant could have anticipated the unprovoked conduct of the boy whose sudden and impulsive act brought injury to the plaintiff.

True it is that among missiles picked up by the boy and thrown toward the plaintiff was the piece of thin glass — hardly more than an inch square — which struck the plaintiff's eye. But that small piece of glass, when on the ground inert, was not inherently dangerous. Had it been permitted to remain there the plaintiff would not have suffered the injury which befell her. She was subjected to no harm from the glass until it was picked up and thrown. Harm came to the plaintiff only after danger was created by the intervention of a third person, a mischievous boy, who on the impulse of the moment — of which no prior conduct on his part or by the plaintiff gave warning — picked up stones and glass and threw them toward the plaintiff and her companions.

Upon the record before us we reach the conclusion that there is no evidence from which the jury could find that the proximate cause of plaintiff's injuries was a failure by the city to exercise reasonable care in the maintenance of the park and the supervision of its recreational facilities. The efficient cause of plaintiff's injuries was the wrongful act of a third person — an act which, in the circumstances, could not have been foreseen in the exercise by the city of its legal duty toward the plaintiff.

In each action, the judgments should be reversed and the complaint dismissed, with costs in all courts.

LEHMAN, Ch. J., LOUGHRAN, FINCH and CONWAY, JJ., concur; RIPPEY and DESMOND, JJ., dissent.

Judgments reversed, etc.