Dennis Miller, a Minor, by and Through His Mother and Next Friend, Nora Miller, Plaintiff-Appellant, v. Veterans of Foreign Wars of the United States, Veterans of Foreign Wars of the United States, Post No. 1242, Defendants, and Catholic Bishop of Chicago, a Corporation Sole, Defendant-Appellee.

### Gen. No. 49,731.

First District, First Division.

February 15, 1965.

Barbera & Friedlander, of Chicago (Joseph Barbera and Dom J. Rizzi, of counsel), for appellant.

No appearance made for appellee.

MR. JUSTICE KLUCZYNSKI delivered the opinion of the court.

An action was brought by Dennis Miller, a minor, through his mother and next friend, to recover damages for personal injuries occasioned by the alleged negligence of defendants Veterans of Foreign Wars of the United States, Veterans of Foreign Wars of the United States, Post No. 1242, and Catholic Bishop of Chicago, a corporation sole.

A motion to strike the amended complaint and dismiss the suit was filed by defendant, Catholic Bishop of Chicago, which the court allowed and entered judgment dismissing the cause as to said defendant. Plaintiff appeals. The defendant, Catholic Bishop of Chicago, did not participate in this appeal.

■ Since this appeal is from an order and judgment of the trial court granting a motion, pursuant to section 45 of the Civil Practice Act, to strike and dismiss plaintiff's amended complaint, all facts well pleaded and all reasonable inferences which could be drawn from those facts are admitted and must be taken as true. Newberg Const. Co. v. Fischbach, Moore & Morrissey, Inc., 46 Ill App2d 238, 247, 196 NE2d 513 (1964); Bottoroff v. Spence, 36 Ill App2d 128, 183 NE2d 1 (1962); Doner v. Phoenix Joint Stock Land Bank of Kansas City, 381 Ill 106, 112, 45 NE2d 20 (1942); 30 ILP Pleading § 188.

Plaintiff alleged that the defendant, Catholic Bishop of Chicago, a corporation sole, owned and maintained

the Holy Sepulchre Cemetery; that defendants, Veterans of Foreign Wars of the United States and its subsidiary, Post No. 1242, owned and possessed, etc., a building and premises including a stage or elevated platform at 7642 S. Halsted Street in Chicago; that the defendants sponsored, organized, managed and engaged a Memorial Day parade to be held at the said cemetery on May 30, 1963; that on or about May 27, 1963 the defendants, each, solicited, urged and engaged a group of children including the plaintiff, then a child of 14 years, to participate in said parade and in rehearsals for said parade which rehearsals took place on May 27, 1963 on the said stage in the premises of the Veterans.

The amended complaint further alleged that as organizer of the parade and of the rehearsal, defendant, Catholic Bishop of Chicago, owed a duty to the minor plaintiff to supervise, manage, control and maintain said rehearsal in such a manner as to not cause him injuries. Disregarding the said duty, the defendants, and each of them, were specifically charged with having been negligent in one or more of the following respects:

a. Permitted, allowed, and caused a certain group of children, including the minor plaintiff, to rehearse for said parade with no supervision and management and without proper supervision and management so as to cause injuries to the minor plaintiff when the minor plaintiff alighted from said stage while rehearsing for said parade.

b. Permitted, allowed, and caused the minor plaintiff to rehearse for said parade on said stage and premises that were possessed, controlled, operated, managed, and maintained in such condition so that a storage space type

door in front of and below the stage would, and was, caused to, and did, open and remain ajar in such a dangerous condition so as to cause injuries to the minor plaintiff, although the defendants knew or should have known of the existence of such dangerous conditions and that it would cause injuries to the minor plaintiff when he alighted from the stage while rehearsing for said parade.

c. Permitted, allowed, and caused a storage space type door in front of and below the stage to become open and remain open and ajar while the minor plaintiff was rehearsing for said parade on the stage, although the defendants knew or should have known that it would, and did, cause injuries to the minor plaintiff when he alighted from the stage while rehearsing for said parade.

d. Owned, possessed, controlled, operated, managed, and maintained the said premises and said stage doors in such a dangerous condition so as to cause injuries to the minor plaintiff while he was lawfully upon said premises and stage.

It set forth that as a direct and proximate result of the said negligence of the defendants, and each of them, when plaintiff alighted from the stage his body became straddled and split legged upon the storage door which had been caused, allowed and permitted to remain ajar in a dangerous and unsafe condition for children on the stage, including the minor plaintiff. It also pleaded the exercise of due care commensurate with plaintiff's age, experience, knowledge and capacity and alleged injuries suffered as a direct and proximate result of defendants' negligence.

The motion to strike and dismiss was founded on the contentions that the complaint failed to allege any

specific acts of negligence, contained vague and ambiguous conclusions and failed to allege a duty upon which the Catholic Bishop of Chicago could be held liable.

■ In determining whether a complaint states facts or conclusions the entire complaint must be considered as a whole and not its disconnected parts. Doner v. Phoenix Joint Stock Land Bank of Kansas City, 381 Ill 106, 112, 45 NE2d 20, 23 (1942); Kita v. Young Men's Christian Ass'n of Chicago, 47 Ill App2d 409, 417, 198 NE2d 174 (1964).

■ ■ The amended complaint charged defendant, The Catholic Bishop of Chicago, with a duty to the minor plaintiff to supervise, manage, control and maintain the rehearsal in such a manner so as not to cause injuries to the minor, and expressly charged specific acts of alleged negligence where the defendant solicited, urged and engaged children, including the plaintiff to participate in activities that could, under certain conditions, create a liability for failure to properly supervise the activity and protect the minors from foreseeably dangerous conditions. "The known characteristics of children should be taken into consideration in determining whether or not sufficient care for the safety of a child has been exercised in a particular case. Accordingly the fact that children cannot and do not ordinarily exercise the same degree of prudence and care for their own safety as adults imposes on those by whose acts or omissions a child may be injured the obligation of exercising more vigilance and caution than might be sufficient with respect to an adult and conduct which might reach the standard of ordinary care with respect to an adult might in the case of a child amount to negligence or even gross negligence." 65 CJS Negligence § 12 and cases therein cited. 28 ILP Negligence § 28 contains the statement: ". . . (T)he law recognizes the lack of judgment, cau-

tion and discretion which exists in children and requires adults to take notice of these tendencies and conduct their business with that in view so as reasonably to guard against injury to them."

In Kita v. Young Men's Christian Ass'n of Chicago, 47 Ill App2d 409, 198 NE2d 174, the court held that a complaint was sufficient to state a cause of action where it charged the defendant with failing to provide adequate supervisory personnel and a safe place for a day camp where a nine-year-old boy was permitted to climb a tree from which he fell and was injured. There, the court expounded on the purpose and effect of a motion to strike and dismiss a complaint and on page 425 of the opinion held: ". . . that the complaint, by reasonably intelligent allegations, is sufficient to advise the opposing party of the case which the plaintiff will attempt to prove against it. Under the rules laid down in the cases heretofore cited in this opinion, the complaint states a cause of action, judging the complaint as a whole, and 'with the admonitions of liberal construction and reasonable information in mind' (Church v. Adler, supra), and bearing in mind section 42 of the Civil Practice Act which states that 'no pleading is bad in substance which contains such information as reasonably informs the opposite party of the nature of the claim or defense which he is called upon to meet.' " If defendant desires that the complaint be made more definite and certain in any particular, the Civil Practice Act provides it with such a remedy.

██ Judged with these principles in mind, it is our opinion that sufficient allegations are set forth in the amended complaint to spell out a cause of action so as to require this defendant to answer. We therefore hold that the trial court erred in striking the amended complaint and dismissing the suit against The Catholic Bishop of Chicago and do hereby reverse the ruling.

348

The cause is remanded to the trial court to proceed accordingly.

Reversed and remanded with directions.

BURMAN, P. J. and MURPHY, J., concur.