ERICA CROHN, a Minor, by MAURICE M. CROHN, Her Father and Next Friend, Plaintiff-Appellant, *v.* CONGREGATION B'NAI ZION *et al.*, Defendants-Appellees.

(No. 58169; ▮▮▮▮▮▮▮▮▮▮▮▮▮

First District (3rd Division)—August 15, 1974.

Howard W. Minn, of Chicago (James A. Lindmark, of counsel), for appellant.

Wildman, Harrold, Allen & Dixon, of Chicago (Kevin T. Martin, of counsel), for appellees.

Mr. JUSTICE MEJDA delivered the opinion of the court:

This action was commenced by Erica Crohn, a minor, by Maurice M. Crohn, her father and next friend, to recover damages for personal injuries sustained by the minor while attending a summer day camp operated by the defendants. Upon motion of the defendants, at the close of plaintiff's evidence, the trial court directed the jury to return a verdict for the defendants and against plaintiff. Plaintiff appeals from the judgment entered upon that verdict.

The sole issue presented for review is whether the trial court erred in directing the jury to return a verdict for the defendants.

At the trial, plaintiff's evidence was brief, and the facts stated on appeal are not disputed. During the summer of 1961, defendant Congregation B'nai Zion, a religious corporation, operated the defendant Congregation B'nai Zion Day Camp. Plaintiff—then 7 years of age—was enrolled by her parents, and paid a fee. On August 14, 1961, the day camp was conducted at a Cook County forest preserve north of the city of Chicago. Plaintiff attended the camp and sustained a fractured nose as a result of being hit with a baseball bat which was swung by one Yaer, a 10-year-old boy who was also attending the camp.

On the day in question approximately 150 children attended the day camp. During the morning hours they were engaged in various recreational activities, including softball, in an open field about 200 yards wide and 300 yards in length. The children were separated into groups of 10 to 15, each group being supervised by a counselor, and some by two counselors. At noon the groups retired from the playing field to eat lunch at picnic tables located nearby. The table nearest the playing field was 20 to 30 feet from the edge of the field. The space between the field and the tables was sparsely populated with trees.

Plaintiff, who was 18 years of age at the time of trial, testified that it

was the lunch hour and she was returning from the water pump with a glass of water, watching it to make sure it didn't spill. She remembered seeing trees and picnic tables in front of her. As she was near a tree she heard someone shout, and she was hit on the nose. She did not remember seeing what hit her before she was hit. She saw other children within 3 or 4 feet of her. Jay Kleiman was a junior counselor. Plaintiff had not been at his picnic table when eating lunch. Her mother and two physicians then testified as to her injuries.

Jay Kleiman's evidence deposition was read to the jury. He testified that on August 14, 1961, the day of the accident, he was 15 years old; that during the lunch hour "two to four" baseball bats were lying loose on the ground within 15 feet of the whole play area, approximately 25 feet from the picnic table nearest the field; that he was the only counselor within a 25-foot radius of the accident; and that he was seated at a table, eating lunch and facing in the direction from which the minor plaintiff approached. He stated that within less than one minute the following events occurred: he saw Yaer pick up one of the bats and he yelled to him to put it down; Yaer did not heed him and began to swing the bat as one would to "warm up"; either before or immediately after he saw Yaer swinging the bat, he noticed the plaintiff walking toward him and approaching Yaer from behind; plaintiff was walking while looking down at a cup of water she was holding; Kleiman attempted to get up from the table as the plaintiff walked behind Yaer, but before he could do so she was struck in the face by the bat.

Kleiman further testified in his deposition that safety was generally discussed at counselors' meetings; that he did not recall whether baseball safety was specifically discussed; that the children were told at random not to swing bats or to take them from the playing field; and that he could not recall whether the entire group was told this on the day in question. Kleiman stated in his deposition that at the time there was no organized activity other than lunch, and the children were allowed to move about the area freely. He testified that there were some regulations promulgated by the Congregation concerning storage of equipment which was usually kept in a shed next to the playing field. When organized activity was planned for the afternoon the equipment was left in bags on or near the field. When no afternoon activity was anticipated, the equipment was stored either in the shed or in the school bus. On the day in question a baseball game was to commence after lunch, and during the lunch period the equipment—including the bats—was purportedly all stored in bags scattered throughout the field. Kleiman stated that the bags were loose so they would be available for anyone to get them. He further testified that the equipment had been left on or near the field for an hour

or more before the accident. He did not see whether Yaer took a bat from a bag or one that was lying on the ground.

The standard of review to be applied in this case is whether or not all of the evidence, when viewed in the light most favorable to the plaintiff, so overwhelmingly favors the defendants that a contrary verdict cannot stand. Only when the question is answered in the affirmative can a directed verdict for defendants stand at the close of plaintiff's case. *Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill.2d 494, 229 N.E.2d 504.

Plaintiff's complaint charged defendants with specific acts of negligence substantially as follows:

> 1) Defendants employed and hired immature and inexperienced children to supervise the activities of the plaintiff;
>
> 2) Defendants permitted a small boy to swing a bat in an area where other children were playing and where their view was obstructed;
>
> 3) Defendants organized and knowingly permitted an activity which would cause the plaintiff to run in an area where another child was swinging a bat;
>
> 4) Defendants directed the plaintiff to play and run in an area without rendering the area safe for such activity, and failed to otherwise provide plaintiff with a safe place in which to play;
>
> 5) Defendants failed to stop the child from swinging the baseball bat; and
>
> 6) Defendants otherwise carelessly and negligently supervised the area in which plaintiff was playing under defendants' direction, and the other children for whom defendants were responsible.

On appeal, plaintiff has limited his argument to the following: that the defendants' lack of supervision in the area—other than the presence of a 15-year-old counselor—caused the ultimate injury; that the presence of a 15-year-old counselor does not constitute adequate supervision; and that the defendants failed to provide a safe place for plaintiff to play in that baseball bats were allowed to lie loose in an area where children would be likely to play with them and cause injury to others.

■■ In *O'Rourke v. Marshall Field & Co.* (1923), 307 Ill. 197, 138 N.E. 625, the supreme court held that the defendant had a duty to use reasonable care in providing a reasonably safe place for the plaintiff-invitee to play. In *Donehue v. Duvall* (1968), 41 Ill.2d 377, 378-379, 243 N.E.2d 222, the supreme court held:

> "One in possession or control of premises frequented by small children has an obligation not to maintain conditions which may be dangerous or hazardous to them. Because of their immaturity

young children are often incapable of appreciating the risk involved, and where the owner or person in possession knows that young children habitually frequent the vicinity, he has a duty to exercise due care to remedy the condition or otherwise protect them from injury resulting from it. (*Kahn v. James Burton Co.,* 5 Ill.2d 614.) But he cannot be required to protect them against every possibility of injury. Before he can be properly held responsible for injuries he must be shown to have been at fault, under some recognized theory of liability. The injury must be the natural and probable result of a negligent or otherwise culpable act or condition and be of such a character as an ordinarily prudent person ought to have foreseen as likely to occur as a result. An injury is not actionable which could not have been foreseen or reasonably anticipated, and which would not have resulted had not some new and independent cause intervened to produce it. *Driscoll v. Rasmussen Corp.,* 35 Ill.2d 74."

It must be recognized that a child may be injured by any one of an endless number of items which are commonly used by children, and which are not inherently dangerous, such as an ice skate, a roller skate, a bicycle, a croquet mallet, a baseball or a bat. (*Maramba v. Neuman* (1967), 82 Ill.App.2d 95, 99, 227 N.E.2d 80.) Whether the law imposes a duty to protect children from injuries resulting from the use of such items does not depend upon foreseeability alone. The nature of the precautions which an occupier of land is required to take depends upon the circumstances and purpose of the visit and the burden of guarding against injuries. The likelihood of injury, the magnitude of the burden of guarding against it, and the consequences of placing that burden upon the defendant must also be taken into account. (*Lance v. Senior* (1967), 36 Ill.2d 516, 517, 224 N.E.2d 231.) The purpose of supervision is to regulate students' conduct so as to prevent disorderly and dangerous practices likely to result in injuries to students; improper supervision of pupils engaged in recreation on the school grounds during an intermission may create a liability on the part of the school for injuries received by one pupil on account of the recklessness of a fellow student. *Ziegler v. Santa Cruz City High School District* (1959), 168 Cal.App.2d 277, 335 P.2d 709.

Defendants have cited *Kos v. Catholic Bishop* (1942), 317 Ill.App. 248, 45 N.E.2d 1006, in which a mischievous student threw a scrub brush at the plaintiff, also a student, during a lunch period in the school's lunchroom. The court there affirmed the dismissal of the complaint for failure to state a cause of action and held that plaintiff's argument that the

school authorities failed to supervise was untenable, stating at page 253:

"If school authorities were obliged to stand guard over children on the school premises at all times to protect them against the possible acts of mischievous pupils, it would be fairly impossible to conduct schools without peril to the authorities who maintain and operate them."

In *Reid v. Young Men's Christian Association* (1969), 107 Ill.App.2d 170, 246 N.E.2d 20, the court affirmed a recovery by an 11-year-old member against the defendant YMCA for eye injuries sustained when a punching bag with a metal clasp was dropped by another young member from an upper floor level while the instructor was either out of the gymnasium or was shooting at the basket at one end of the gym. The court stated at page 173:

"To the extent that the *Kos* case indicates that a school may not be under any duty of supervision or that no such duty exists despite knowledge of conditions likely to result in injury, we believe the decision is not harmonious with the current trend of decisions in this area."

Referring to *Miller v. Veterans of Foreign Wars of the United States* (1965), 56 Ill.App.2d 343, 206 N.E.2d 316, the court in *Reid*, at page 174 further stated:

"Although the court in *Miller* does not attempt to specify the nature or extent of the duties which may be imposed upon an organization respecting minors participating in its activities, it would appear to us that a duty of supervision may arise or exist with respect to particular circumstances or relationships. The duties and responsibilities of an organization to which the care or control of children is entrusted are sometimes said to be akin to the duties and responsibilities of parents. See *Lawes v. Board of Education of City of New York*, 16 N.Y.2d 302, 266 N.Y.S.2d 364, 213 N.E.2d 667. Such an organization is not an insurer of the safety of the children involved. On the other hand, such an organization may not avoid liability for injuries resulting from its failure to exercise reasonable care."

In *Stanley v. Board of Education* (1973), 9 Ill.App.3d 963, 293 N.E.2d 417, an 8-year-old plaintiff was awarded judgment for injuries sustained when struck by a baseball bat in a playground in which the defendant was conducting a summer recreational program. Plaintiff was bouncing a ball against the wall while nearby another activity called fast-pitch baseball was being conducted, where one person would throw a rubber ball into a marked strike zone while the batter would try to hit the ball.

The activity was to be supervised by a 17-year-old junior leader who was to see that the younger children were not playing too close to the older boys. Our court concluded that the evidence presented issues of fact which were appropriately submitted to the jury, and stated at page 968:

> "In *Miller v. Veterans of Foreign Wars of U.S.*, 56 Ill.App.2d 343, 347, 206 N.E.2d 316, the court said:
>
> ' "The known characteristics of children should be taken into consideration in determining whether or not sufficient care for the safety of a child has been exercised in a particular case. Accordingly the fact that children cannot and do not ordinarily exercise the same degree of prudence and care for their own safety as adults imposes on those by whose acts or omissions a child may be injured the obligation of exercising more vigilance and caution than might be sufficient with respect to an adult and conduct which might reach the standard of ordinary care with respect to an adult might in the case of a child amount to negligence or even gross negligence." '
>
> It is a known characteristic of many eight-year-old boys to ignore the directions of sixteen-year-old boys whom they see to be but older members of the same class."

■■ In the case before us defendants were not merely in possession and control of the property but were conducting a day camp for small children, with a duty to provide a safe place and adequate supervision for their activities. During the lunch period the children were allowed to move about freely. There is no evidence that Yaer swung the bat intentionally or mischievously to cause the resulting injury. A baseball bat was available and was being used by Yaer in a manner for which it was designed. The known characteristics of children must be taken into consideration. Whether or not the defendants could have foreseen or reasonably anticipated such conduct and the resulting injury is a factual question. So, too, is the question of whether or not the manner and kind of supervision of not only the lunchtime activities, but also of the storage of equipment, was reasonably adequate under the circumstances. The testimony presented questions whether the employment of a 15-year-old counselor was reasonable; whether allowing children to move about freely while leaving baseball equipment accessible to them created a hazardous condition for the children; and whether there was sufficient supervision of the entire area and activity. We believe that these are questions of fact to be resolved by the jury.

Considering the evidence in its aspect most favorable to the plaintiff, we cannot agree that it overwhelmingly favors defendants. The trial court

erred in directing a verdict for defendants. Accordingly, the judgment is reversed and the cause remanded for a new trial.

Reversed and remanded.

McNAMARA, P. J., and McGLOON, J., concur.