(No. 6667—)

GREGORY CLER, Claimant, *vs.* STATE OF ILLINOIS, DEPARTMENT OF CHILDREN AND FAMILY SERVICES, AND BOARD OF TRUSTEES OF UNIVERSITY OF ILLINOIS, Respondent.

*Opinion filed April 7, 1976.*

PHILLIPS, PHEBUS, TUMMELSON & BRYAN, by JOSEPH W. PHEBUS, Attorney for Claimant.

WILLIAM J. SCOTT, Attorney General; DOUGLAS G. OLSON, Assistant Attorney General, for Respondent.

HOLDERMAN, J.

Claimant, a 13 year old boy, was a guest staying at the 4-H Memorial Camp located at Allerton Park in the County of Piatt, State of Illinois, in the summer of 1971. Claimant had been enrolled in this camp on previous occasions.

This summer camp is owned by the Board of Trustees of the University of Illinois.

Claimant was one of 177 minor campers whose ages ranged from 9 to 16 who were in attendance, along with

35 to 40 adult supervisory personnel. The campers were at the camp for a five-day stay.

The rules of the camp provided that every morning at a certain time the inmates of the various cabins were required to clean up their cabins and prepare them for inspection. This was done on a competitive basis; and for a period of perhaps 20 minutes each day during this cleanup, the supervisors of the various cabins were in an executive session discussing the programs for the day.

On the day in question, a disturbance developed between the boys staying in Claimant's cabin and some boys staying in an adjacent cabin. Aerosol spray cans were used by the inmates of the two cabins in the action that followed.

In the midst of the horseplay, a boy from a cabin other than Claimant's cabin picked up a broom and threw it into the Claimant's cabin. Unfortunately, the blunt end of the broom struck the Claimant in the left eye, resulting in the permanent loss of the central vision in the left eye. The boy who threw the broom, Gary Leon Prosser, had attended the camp for several previous sessions.

The evidence is clear and uncontradicted that with the exception of approximately 20 minutes in a 24-hour period, the boys were under the direct supervision of adults who were in charge of the cabins.

Claimant alleges that failure to supervise during the 24-hour period was a "breakdown of supervision" and a "gross disregard" of responsibility by the supervisors.

Claimant also charges that the State was negligent and careless in allowing Gary Leon Prosser to attend the camp because it should have known that he was a dangerous youth. The evidence indicates that Prosser

had been at the camp on at least three previous occasions, and one of the counselors testified that he had been a member of 4-H for approximately three years. There was no evidence or information indicating that he was anything but a normal child. School records were introduced showing that he had never been sent home for disciplinary purposes.

The camp director, who had been with the camp for approximately 15 years, stated that he had never been advised to pay particular attention to Gary Leon Prosser as being a problem child.

It appears from the evidence that Claimant, Gregory Cler, had attended 4-H camp prior to the year he was injured and that on no occasion had he or his mother ever made any objections to the manner in which the camp was operated.

Claimant also testified that in the years he had been at the camp before the incident in question, there had been no fights or horseplay with insecticide sprays.

The evidence is clear that a routine camp schedule was being followed on the day in question which was basically the same routine that had been followed for approximately 14 or 15 years previously.

The sole question involved is the responsibility of the State of Illinois in relation to the supervision of the activities of the campers at the 4-H Camp at Allerton Park. The deciding question is whether or not the action of the Respondent in allowing the campers to engage in a 20 minute cleanup period without adult supervision is such negligence as may charge the State with the responsibility for the unfortunate injury sustained by Claimant, Gregory Cler.

The first issue before the Court is whether or not the legal obligation was breached by the State of Il-

linois, and the second issue is whether the breach of that obligation was the proximate cause of Claimant's injury.

The Claimant would place a burden of supervision upon the State that would be practically impossible to fulfill. Twenty-four hour a day supervision is not exercised by parents, and to place a greater burden upon the State than is placed upon parents would seem entirely unreasonable and unjustified.

In *Stanley v. Board of Education, 293 N.E.2d 417,* the First District Appellate Court held that, under the particular facts in that case, it could not be said as a matter of law that the Board of Education was not negligent in an alleged "failure to supervise" situation. It is clear that the law of Illinois places a duty of care upon those in charge of children to exercise reasonable supervision so as to avoid injury to the children or third parties. *Kita v. YMCA of Metropolitan Chicago, 47 Ill.App.2d 409; Stanley v. Board of Education, 9 Ill.App.3rd 962; Miller v. Veterans of Foreign Wars, 56 Ill.App.2d 343.* However, it is not the obligation of school authorities, or others in charge of children, to stand guard over them at all times to protect them against the mischievous acts of other students. *Lucille Kos v. Catholic Bishop of Chicago, 317 Ill.App. 248, 253.*

The present case does not involve a situation where the children alleged to be unsupervised were engaged in a hazardous or potentially hazardous activity. The duty of care upon Respondent, State of Illinois, in the present case is different and less than the duty of care which might be imposed in the event the children were engaged in hazardous activities at the time of an injury. *Harring v. Mathas, 126 S.E.2d 863.*

We fail to find Illinois authorities for the proposition that camp authorities, or those in charge of children on a "live-in" basis, are obliged to maintain a constant

vigil over children in order to protect against potential injuries.

Applying the facts of the instant case to the above cited authorities, and those numerous authorities cited and discussed in the respective briefs of the parties hereto, we cannot conclude that the Respondent was negligent in the present case. In order to so hold, the Court would have to decide that the teachings of 15 years of experience in the operation of the 4-H Camp at Allerton, and the program for a 20 minute period of time in which the campers were required to clean their cabins and perform personal acts of hygiene, without direct supervision, would be such as to naturally and probably result in an injury to a camper. Such a decision seems contrary to logic. Indeed, it would seem that such a limited program of self-reliance in the performance of routine chores, without the direct supervision of adults, would be a meaningful and necessary part of any program for the development of a degree of responsibility in young people.

In conclusion, we are not unmindful of the nature and extent of the injuries and misfortunes which the Claimant has suffered as a result of this unfortunate occurrence; however, we are unable to conclude, based upon the evidence in this cause, that the camp counselors and administrative personnel were negligent in the present case.

It is the opinion of this Court that the responsibility placed upon the Respondent in conducting the camp was fully carried out and that lack of adult supervision for a 20 minute period is not such a lack of supervision as to make it liable for the unfortunate incident which occurred.

An award is hereby denied.