■ JENNIFER JOHNSEN et al., Respondents, v COLD SPRING HARBOR CENTRAL SCHOOL DISTRICT, Appellant, et al., Defendants. [674 NYS2d 740] —In an action to recover damages for personal injuries, etc., the defendant Cold Spring Harbor Central School District appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), dated June 10, 1997, as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, and the complaint and all cross claims insofar as asserted against the de-

fendant Cold Spring Harbor Central School District are dismissed.

According to the infant plaintiff, she was injured when a fellow student "came flying out of [a] classroom backwards", when the "lower body" of this other student hit her and knocked her to the floor. She identified the student who caused her accident as either Brian McGunnigle or Adam Forchelli, both of whom she had earlier observed "fooling around". The Supreme Court denied the motion for summary judgment made by the Cold Spring Harbor Central School District (hereinafter the School District). We reverse.

The infant plaintiff testified at one point at her deposition that she had seen McGunnigle and Forchelli "pushing each other a little bit" for up to three minutes. The Supreme Court cited this, among other circumstances, in deciding that there were issues of fact as to whether the School District breached its duty to provide adequate supervision (*see, Mirand v City of New York,* 84 NY2d 44, 49). However, we note that, when pressed on this point, the infant plaintiff acknowledged that she "really [didn't] know" how long this "pushing" had been going on.

We find that the evidence submitted by the plaintiffs failed to demonstrate the existence of any issue of fact regarding the School District which would require a trial. "Schools * * * cannot reasonably be expected to continuously supervise and control all movements and activities of students [and] are not to be held liable 'for every thoughtless or careless act by which one pupil may injure another' " (*Mirand v City of New York, supra,* at 49, quoting *Lawes v Board of Educ.,* 16 NY2d 302, 306; *see also, Borelli v Blind Brook Unified School Dist.,* 244 AD2d 305; *Moores v City of Newburgh School Dist.,* 237 AD2d 265). Bracken, J. P., Altman, Krausman and McGinity, JJ., concur.