■ MARTIN ALVERO, Respondent, v JAMES W. ALLEN, JR., Appellant. [692 NYS2d 116] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Suffolk County (Oshrin, J.), dated June 23, 1998, which denied his motion to dismiss the complaint pursuant to CPLR 3211 or, in the alternative, for summary judgment dismissing the complaint pursuant to CPLR 3212.

Ordered that the order is reversed, on the law, with costs, that branch of the motion which was for summary judgment is granted, and the complaint is dismissed.

The infant plaintiff was hit on the head with what he described as an "ice ball" while he and several other Boy Scouts were waiting outside a church in which the weekly meeting of

their Boy Scout troop was scheduled to begin. At a deposition given in connection with a separate action commenced against another entity, the infant plaintiff stated that he had not seen anyone throw anything prior to the time he was hit. He responded affirmatively when asked whether the "ice ball" with which he was struck, and which had apparently been thrown by another Boy Scout, was "the first thing that was thrown during the whole time from when you got to the church up until you got hit".

The defendant in the present action is the Boy Scout troop leader who was to be in charge of the meeting. According to his affidavit, he was informed upon his arrival at the church that the infant plaintiff had already been injured. According to the affidavit of the infant plaintiff, on the other hand, the defendant had arrived prior to the incident, had entered the building, and had refused to allow the infant plaintiff to follow him inside. The Supreme Court denied the branch of the defendant's motion which was premised on CPLR 3211, and denied that branch of the motion as was premised on CPLR 3212, holding that such an application was premature prior to the joinder of issue. We reverse.

The parties clearly laid bare their proof, and treated the motion as one for summary judgment. The Supreme Court was therefore authorized to treat the pre-answer application pursuant to CPLR 3211 (a) (7) as one for summary judgment (*see,* CPLR 3211 [c]; *see, e.g., MacDonald v Prudential Sec.,* 247 AD2d 346; *Palazolo v Palazolo,* 244 AD2d 393; *Gelmin v Quicke,* 224 AD2d 481).

Turning to the merits, it is clear that the defendant cannot be held liable based on allegations of inadequate supervision under the facts as outlined above. As the Court of Appeals stated in *Lawes v Board of Educ.* (16 NY2d 302, 304), "[n]o one grows up in this climate without throwing snowballs and being hit by them. If snow is on the ground as children come to school, it would require intense policing, almost child by child, to take all snowball throwing out of play. It is unreasonable to demand or expect such perfection in supervision from ordinary teachers or ordinary school management; and a fair test of reasonable care does not demand it".

Given the absence of proof that the defendant in the present case had notice of an ongoing and potentially dangerous snowball fight, the plaintiff may not prevail on a theory of inadequate supervision (*see also, Johnsen v Cold Spring Harbor Cent. School Dist.,* 251 AD2d 548; *Kennedy v Seaford Union Free School Dist. No. 6,* 250 AD2d 574). This conclusion is

reinforced by the fact that the plaintiff's father was present in his car about 50 feet away and neither he nor any of the other parents who were present in the area saw fit to intervene in any way prior to the incident. We also note that the scout meeting had not begun, no official scouting activity was taking place, and, according to the plaintiff's version, the defendant had entered the building locking the door behind him, thus implicitly leaving the assembling Boy Scouts in the custody of the adults who were present outside (*see generally, Phillipe v City of New York Bd. of Educ.,* 254 AD2d 339 [school has no duty of supervision prior to starting of school day]). For these reasons, the defendant was entitled to summary judgment. Bracken, J. P., Thompson, Sullivan and Friedmann, JJ., concur.