(No. 39356.—

NEIL DRISCOLL *et al.,* Appellants, *vs.* C. RASMUSSEN CORPORATION, Appellee.

*Opinion filed May 23, 1966.—Rehearing denied September 21, 1966.*

Thomas P. Sullivan, Donald R. Harris, and James A. Thompson, all of Chicago, (Raymond, Mayer, Jenner & Block, of counsel,) for appellants.

Lord, Bissel & Brook, of Chicago, (Jay M. Smyser and William P. Butler, of counsel,) for appellee.

Mr. Chief Justice Klingbiel delivered the opinion of the court:

Neil Driscoll, a seven-year-old boy, herein referred to as plaintiff, was burned while playing on a trash pile near a building under construction. In an action by his father and next friend, he recovered a judgment against the contractor, C. Rasmussen Corporation, in the amount of $35,000. Upon defendant's appeal to the appellate court, the judgment was reversed and the cause remanded because of improper argument to the jury by plaintiffs' counsel. (*Driscoll* v. *Rasmussen,* 57 Ill. App. 2d 349.) We granted plaintiffs' petition for leave to appeal.

The record shows that in 1955 defendant entered into a contract to construct an automobile agency building on a certain lot in Chicago. In the course of construction a trash pile accumulated on which scraps were thrown such as

pieces of wood, broken bricks, cartons, plasterboard, tin shavings, cans and so on. The pile was located 12 or 15 feet in back of the building, and some 8 feet from an alley bordering the premises.

The plaintiff lived in a house across the alley. On a Sunday afternoon in November, 1955, he and his small brother went out to play. They began playing with material from the trash pile, and were soon joined by a neighbor boy, John Woods. John's father was raking leaves from his front yard, carrying them back to a wire trash container to the rear of his house, and burning them there. The container was about 15 feet from the construction trash pile. When Mr. Woods went back to the front of the house for more leaves, the boys took some sticks, ignited them from the burning leaves, and carried the burning sticks over to the trash pile. There they shoved the lighted ends into old paint cans which became ignited.

When Mr. Woods returned with more leaves he noticed the burning cans, came over and snuffed them out, and told the boys not to do that anymore. He turned the cans over, jumped on them and threw them away, making sure nothing was left burning inside. But after he went back to work at the front of the house, the boys disobeyed his instructions and started igniting the residue in paint cans again with their burning sticks. There were some sealed cans which contained a considerable amount of paint or lacquer. The Woods boy opened some of them and left the opened cans standing near the edge of the trash pile. The plaintiff happened to step on the edge of one, causing the contents to splash up on his trouser leg between the knee and ankle. About four minutes later, the pants leg caught fire in some unexplained manner, and the boy tried to put it out by kneeling down in a shallow puddle of water nearby. When this failed to put out the fire, he ran into his back yard. Mr. Woods heard his screams, ran over and grabbed him and smothered the flames. The boy was taken to a hospital,

where he was found to have sustained severe burns on his right leg.

The appellate court thought the evidence sufficient to support a finding that the contractor was in possession and control of the premises, that the trash pile was a "dangerous condition" attractive to young children, and that this "dangerous condition" was the proximate cause of plaintiff's injury. The trial court was reversed, however, for allowing the plaintiffs' counsel to argue, in the absence of any evidence thereof, that an unidentified man seen sweeping debris into the trash pile was probably one of the contractor's employees. The questions presented here are (1) whether this error, if any, was harmless, (2) whether reversible error was committed in admitting in evidence a certain later photograph of the premises and in refusing to strike certain speculative medical testimony, and (3) whether the evidence is sufficient to support the verdict.

It is unnecessary to consider the alleged trial errors since we can find no evidence from which it could reasonably be concluded that defendant's trash pile was a dangerous condition, or that it caused the injury. It may be granted that it was attractive to small children, that the plaintiff could therefore be regarded as an invitee rather than a mere trespasser, and that the person in control of the premises accordingly owed him a duty to exercise ordinary care to keep them in a reasonably safe condition. But can a trash pile containing paint containers reasonably be considered "dangerous" and can it reasonably be found to be the proximate cause of the plaintiff's injury? We think not. The evidence in this case, even when considered in its aspects most favorable to the plaintiff, showed only that his injury resulted from a fire the likelihood of which may or may not have been increased by the presence of the paint or lacquer on his pants leg. There is no evidence whatever that defendant had anything to do with splashing it on him, or with the fire which caused his injury.

Paint or lacquer is not explosive, nor is it inherently or intrinsically dangerous. It is of course combustible, as are any number of other materials ordinarily found on trash piles, and it can be made dangerous if ignited or brought into contact with fire. But this is an unusual or extraordinary use, which a person cannot reasonably be required to anticipate in the absence of something to put him on notice of such a practice. Defendant could hardly have foreseen that cans might be opened, the contents splashed on clothing and the clothing later ignited by fire obtained at other places. Such is not the natural and probable consequence of maintaining a trash pile. The cause of plaintiff's injury was not the paint cans or the trash pile but the fire with which he was playing.

Every person owes to all others a duty to exercise ordinary care to guard against injury which may naturally flow as a reasonably probable and foreseeable consequence of his actions, and a person in possession or control of premises frequented by small children has an obligation not to maintain conditions which are dangerous or hazardous to them in view of the attendant circumstances. (See *Kahn* v. *James Burton Co.* 5 Ill.2d 614.) But he is not an insurer of their safety. The general rule is that liability must be based on some fault. The injury must be the natural and probable result of a negligent act or condition and be of such a character as an ordinarily prudent person ought to have foreseen as likely to occur as a result of the negligence. An injury is not actionable that could not have been foreseen or reasonably anticipated as its probable consequence and that would not have resulted had not some new and independent cause intervened to produce it. See *Ney* v. *Yellow Cab Co.* 2 Ill.2d 74, 80-81.

The question whether a defendant exercised ordinary care to keep the premises in a reasonably safe condition is normally a question for the jury to decide, under all the facts and circumstances in evidence. (*Garrett* v. *National*

*Tea Co.* 12 Ill.2d 567; *Kahn* v. *James Burton Co.* 5 Ill.2d 614.) But this is not a mechanical formula to be applied automatically whenever a motion for directed verdict is made. Upon such a motion it is the duty of the trial court to determine whether there was any evidence which, together with all reasonable inferences therefrom, fairly tends to establish negligence on the part of defendant. In the absence of such evidence, or in the absence of any evidence from which a jury could reasonably find a defendant's negligence to be a proximate cause of the injury, the motion should be granted. *Watts* v. *Bacon & Van Buskirk Glass Co.* 18 Ill.2d 226.

The mere fact that this small boy was injured does not authorize a presumption or inference that the trash pile was dangerous or that the contractor was negligent in maintaining it. It is always unfortunate when a child gets injured while playing, but a person who is merely in possession and control of the property cannot be required to indemnify against every possibility of injury thereon. The responsibility for a child's safety lies primarily with its parents, whose duty it is to see that his behavior does not involve danger to himself. Others can be held responsible for injuries only if they are at fault under some recognized theory of liability.

From the facts and circumstances in this record we are unable to see any basis for a finding of negligence on the part of the defendant. It is unnecessary to consider other alleged errors in the conduct of the trial, for the court should have granted defendant a directed verdict or entered judgment notwithstanding the verdict. The appellate court erred in failing to so hold, and its judgment is reversed and the cause remanded to the trial court with directions to enter judgment for the defendant.

*Reversed and remanded with directions.*