(No. 41194.—

STEVAN DONEHUE, Appellee, *vs.* ELMER DUVALL *et al.*, Appellants.

*Opinion filed Nov. 22, 1968.—Rehearing denied Jan. 28, 1969.*

CHARLES R. JELLIFFEE, of Harrisburg, for appellants.

HARRIS, HOLBROOK & LAMBERT, of Marion, for appellee.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

This is an action for personal injuries brought in the circuit court of White County. The amended complaint was dismissed for failure to state a cause of action, but on plaintiff's appeal the appellate court reversed and remanded. (*Donehue* v. *Duvall,* 90 Ill. App. 2d 472.) We have granted defendants' petition for leave to appeal.

The original complaint alleged that the plaintiff, a five-year-old boy, was hit in the eye by a hard clod of dirt thrown at him by another child. The action was brought, not against the other boy and his parents but against the people in whose yard the incident occurred. It is alleged that four days previously the defendants had had some loads of dirt hauled into their backyard which lay there in a large pile, that to their knowledge children in the neighborhood had frequented the pile, throwing clods of dirt at each other, and that defendants knew or should have known the large clods on the pile created a hazard. When the original complaint was dismissed an amended one was filed alleging that there was broken glass within the clods, which defendants knew or should have known, and that the clod thrown by the other boy contained broken glass and was as large and hard as a baseball. In reversing the judgment which dismissed the amended complaint, the appellate court thought that while a pile consisting merely of clods of dirt would not be dangerous, a risk was foreseeable under the allegations of the amended complaint. Defendants argue that a possessor of land does not have the duty of making his land completely "childproof" and that injury from being struck by a clod of earth in this manner could not be reasonably foreseen as likely to occur.

One in possession or control of premises frequented by

small children has an obligation not to maintain conditions which may be dangerous or hazardous to them. Because of their immaturity young children are often incapable of appreciating the risk involved, and where the owner or person in possession knows that young children habitually frequent the vicinity, he has a duty to exercise due care to remedy the condition or otherwise protect them from injury resulting from it. (*Kahn* v. *James Burton Co.,* 5 Ill.2d 614.) But he cannot be required to protect them against every possibility of injury. Before he can be properly held responsible for injuries he must be shown to have been at fault, under some recognized theory of liability. The injury must be the natural and probable result of a negligent or otherwise culpable act or condition and be of such a character as an ordinarily prudent person ought to have foreseen as likely to occur as a result. An injury is not actionable which could not have been foreseen or reasonably anticipated, and which would not have resulted had not some new and independent cause intervened to produce it. *Driscoll* v. *Rasmussen Corp.,* 35 Ill.2d 74.

A pile of dirt is unquestionably attractive to children, and the propensity of small boys to throw things at each other is a matter of common knowledge. But if the objects left accessible to them are not inherently dangerous, harm is not reasonably foreseeable. (See *Landman* v. *M. Susan & Associates, Inc.,* 63 Ill. App. 2d 292.) It is not enough that a possibility of injury exists. As this court observed in *Lance* v. *Senior,* 36 Ill.2d 516, 518, "After the event, hindsight makes every occurrence forseeable, but whether the law imposes a duty does not depend upon forseeability alone. The likelihood of injury, the magnitude of the burden of guarding against it and the consequences of placing that burden upon the defendant, must also be taken into account."

In the *Driscoll* case a small boy was injured while playing in a trash pile near a building under construction. He

and his companions were burning the residue in paint cans on the pile, and some paint or lacquer which had splashed on the boy's trouser leg became ignited. In holding there could be no recovery against the contractor this court pointed out that the trash pile contained nothing inherently dangerous in the absence of fire, and that burning the contents of the cans was an unusual or extraordinary use which could not reasonably be anticipated.

Similarly in the case at bar, the clod of dirt alleged to contain glass is not inherently dangerous, in the absence of a wrongful or careless use of it. In *Clark* v. *City of Buffalo* (1942), 288 N.Y. 62, 41 N.E.2d 459, a seven-year-old girl was struck in the eye by a piece of glass thrown at her by a boy eight years old. They and companions had been playing in the city park where refuse, including some broken glass, had been discarded by the public, and children at play had been seen to throw it. In reversing a judgment against the city the court pointed out that the efficient cause of the injury was the wrongful act of a third person which could not have been reasonably foreseen. It was observed that the "small piece of glass, when on the ground inert, was not inherently dangerous. Had it been permitted to remain there the plaintiff would not have suffered the injury which befell her. She was subjected to no harm from the glass until it was picked up and thrown."

So also in the case at bar. The cause of injury is the wrongful act by which the clod of dirt containing glass was thrown at the plaintiff. With this the defendants had nothing to do. The mere fact that it was committed on their premises does not warrant an inference that the dirt pile was dangerous or that defendants were negligent in maintaining it. As we said in the *Driscoll* case, "It is always unfortunate when a child gets injured while playing, but a person who is merely in possession and control of the property cannot be required to indemnify against every possibility of injury thereon." 35 Ill.2d at 79.

We conclude that the amended complaint in the case at bar does not allege facts the existence of which is necessary to enable plaintiff to recover, and it therefore fails to state a cause of action. Such deficiency cannot be remedied by liberal construction or by argument (*Fanning* v. *LeMay*, 38 Ill.2d 209, 212), and the circuit court properly dismissed the amended complaint. The judgment of the appellate court is reversed, and the judgment of the circuit court of White County is affirmed.

*Appellate Court reversed;*
*circuit court affirmed.*