Richard Okleshen, a Minor, by Henry Okleshen, His Father and Next Friend, Plaintiff-Appellant, v. Rune & Sons, Inc., an Illinois Corporation, Gordon K. Nelson and Marion Nelson, Defendants-Appellees.

Gen. No. 52,524.

First District.

December 5, 1969.

CRAVEN, J., dissenting.

Peterson, Lowry, Rall, Barber & Ross, of Chicago (Walter W. Ross, Jr., Herbert C. Loth, Jr., and Sheribel Rothenberg, of counsel), for appellant.

Berchem, Schwantes & Thuma, of Chicago (Michael J. Thuma and James O. Latturner, of counsel), for appellees Gordon K. Nelson and Marion Nelson, Vogel & Vogel, of Chicago (L. H. Vogel and Robert Guritz, of counsel), for appellee Rune & Sons, Inc.

TRAPP, P. J.

Plaintiff appeals from judgment entered upon jury verdicts, (1) against the defendant Rune in the sum of $8,000 with the contention that there should be a new trial upon the issue of damages only and (2) finding the defendants Nelson not guilty. Defendant Rune cross-

appeals from the judgment and from the denial of its motions for directed verdict and for judgment non obstante veredicto raising the issue of the sufficiency of the evidence to support either a finding of negligence or proximate cause.

Defendants Nelson owned property upon which a home was being built through contracts with divers craftsmen. Defendant Rune performed a contract to do the cement and masonry work.

In the course of the construction of the Nelson home, Rune's employees had brought a gasoline drum on the building premises. The plaintiff, Richard Okleshen, aged six years, and his brother, Robert, and Randy Thrall, each aged ten years, on the date of the accident had gone to the site to play in a "fort" they had built. They went inside the partially constructed Nelson house and found a tennis ball with which they played "catch." Sometime later they went outside and noticed the drum which the evidence discloses had two openings, a spigot and a screw cap, sometimes called a filler cap. It had been left on the property by Rune's foreman, who found that gas could no longer be drawn from the spigot. The spigot itself had a device by which it could be securely locked, and the evidence is that, prior to and at the time of this occurrence, it was, in fact, locked. The testimony of the plaintiff is that at the time the barrel was on its side, but he agreed that he had, at a prior time, stated that his brother, Robert, pushed the barrel from a vertical position over on its side. One or more of the boys and probably Robert removed the screw cap described as being 4 or 5 inches in diameter and rolled the barrel so that some gasoline came out. Robert ordered the plaintiff to get matches and the latter returned to the kitchen in his home where his mother was standing at the sink. He first took some cookies from a jar and then opened a drawer from which he took a small box of wooden matches from a larger box or carton of matches. His

246

mother observed him taking the cookies. The boys rolled the drum so that some gasoline was poured onto the tennis ball and the boys lighted it and watched it burn. Determining to build a fire, one got a metal bucket from the site, put some gasoline from the drum into it and carried the bucket to the pile of wood scrap on the premises. One poured the gasoline over the scraps and after using more than one match, got a fire going. It appears that in carrying the bucket some gasoline was spilled on the trousers of the plaintiff and as he stood near or jumped over the fire, the trousers were ignited.

Plaintiff suffered third-degree burns on his right leg extending from his groin to below his ankle. Much of the skin on his leg had burned away, with pieces of burned skin hanging down in strips two to five inches long. He was hospitalized and skin grafts were made from other parts of his body to the parts which had burned. He was in the hospital about four and one-half months, at a cost in excess of $8,500. He sued, by his next friend, for his injuries and medical expenses.

In urging a new trial on the issue of damages only as to defendant, Rune, plaintiff urges error in the overruling of objections of the plaintiff to questions asked certain witnesses on cross-examination, to the giving of certain instructions tendered by Rune to the exclusion of certain slide exhibits of plaintiff, and in that the damages awarded were patently inadequate to compensate plaintiff for his injuries.

██ Plaintiff complains that it was reversible error for defendants to be permitted to examine certain witnesses concerning the possible misconduct of plaintiff's parents. We cannot agree. Plaintiff had the burden of proving that defendants were negligent and that such negligence proximately caused the injury to plaintiff. Defendants' theory of this examination was that it tended to show that the circumstances of the injury were not foreseeable as defendant, Rune, could not foresee that

the parents' misconduct would have occurred under the present circumstances.

Plaintiff also contends that a new trial on all issues should be ordered as to the Nelsons on the grounds that the verdict in their favor is contrary to law and against the manifest weight of the evidence, that the court erred in refusing to give certain instructions tendered by the plaintiff or any instructions containing plaintiff's theory of liability as to the Nelsons, and that error was committed in permitting the Nelsons' counsel to argue that the alleged negligence of plaintiff's parents barred plaintiff's cause of action.

Upon the issue of the liability of the Nelsons, the jury verdict is supported by the evidence that there was no negligence on the part of the owners, and that the injuries were not foreseeable to them. Recent cases in Illinois have reviewed the classic "attractive nuisance" theory of liability for injury to children on the property of another. In Kahn v. James Burton Co., 5 Ill2d 614, 126 NE2d 836 (1955), our Supreme Court declared that "the only proper basis for decision in such cases dealing with personal injuries to children are the customary rules of ordinary negligence cases." (At 624 (126 NE2d at 841).) An owner of property may not be held liable for injuries caused by the negligence of an independent contractor working on the premises when the owner does not exercise any control over the contractor in the performance of the contract.

■■ As was held in the Kahn case, "the person responsible for creating the dangerous condition will be liable." (At 621 (126 NE2d at 840).) The test is whether the injury was foreseeable to the landowner. This is the true basis for liability in what has been formerly known as "attractive nuisance" cases. The doctrine of foreseeability in such cases has been clearly expressed also in Kuhn v. Goedde, 26 Ill App2d 123, 167 NE2d 805 (4th Dist 1960), and Prater v. Veach, 35 Ill App2d 61, 181 NE

2d 739 (4th Dist 1962). From these cases, the following rules are evident: (1) In order to hold an owner liable, he must be shown to have actual or constructive knowledge of the condition; (2) if aware of the condition, it must be shown that he has knowledge that this condition involves an unreasonable risk to children; (3) an owner is not required to inspect the work of an independent contractor; and (4) if the owner confines his activities to checking up on the contractor only to see how the job is progressing, he is not deemed to have constructive knowledge of every condition or detail of the job, nor is he responsible for the contractor's equipment.

■■ There is no evidence that the owners ever had seen the drum on their property, or knew that it was left there over the weekend when the contractor's employees were not there. In the absence of such evidence, the owners had no actual or constructive notice of the condition causing the injury and, therefore, the verdict as to them is in accord with, not contrary to, the manifest weight of the evidence.

Upon the evidence the issue of the liability of the defendant, Rune, is concluded by the opinion in Driscoll v. Rasmussen Corp., 35 Ill2d 74, 219 NE2d 483. In Driscoll the minor plaintiff and his companions went upon the premises under construction and ultimately opened sealed cans of lacquer found in a trash pile. Some of the contents were splashed upon plaintiff's trouser leg and he was injured when fire was brought upon the scene from off the premises. Plaintiff's clothing became ablaze after the fire was applied to ignite one or more of the cans.

Here the evidence, including the testimony of plaintiff's father, is that the spigot of the gas drum was padlocked. Plaintiff's older companions contrived to remove the filler cap on the drum, and to pour out some gasoline after considerable manipulating of such drum. The matches were brought to the premises by the plain-

tiff at the direction of his older brother and their companion.

In discussing the duty to exercise ordinary care to guard against injuries which are reasonably probable from the condition created, the Supreme Court, in Driscoll, noted that it could hardly be foreseen that the sealed cans might be opened and lacquer splashed upon the clothing which would be ignited by fire obtained at other places. That opinion pointed out that the bringing of the fire upon the construction site was an unusual or extraordinary use:

> ". . . which a person cannot reasonably be required to anticipate in the absence of something to put him on notice of such a practice,"

and it was held that the proximate cause of the injury was, in fact, the fire brought to the premises by the plaintiff. See also Donehue v. Duvall, 41 Ill2d 377, 243 NE2d 222.

Plaintiff seeks to distinguish Driscoll upon the basis that the children were not warned of the hazard in playing with gasoline. The record does show that plaintiff's father did warn the plaintiff and his companions against playing upon the bricks and straw on the premises which were being used in construction. The actual issue is one of defendant Rune's duty to foresee and the existence of proximate cause arising from its conduct thereafter. Upon the facts here present, foreseeability and proximate cause cannot be made dependent upon the absence of warning by parents or other persons.

Plaintiff urges that the case should be controlled by Svienty v. Pennsylvania R. Co., 8 Ill App2d 360, 132 NE 2d 83. There certain "switch heaters" were left upon defendant's right-of-way and adjacent lots where boys regularly played. The opinion notes that the heaters contained flammable fluid and that some were left with "no tops," while other heaters were left burning on the right-

of-way. The opinion states that defendant, through its employee, had actual notice that the boys played with the heaters, that they had on occasion given heaters to the boys to play with, and that they had been seen to ignite the heaters. On this occasion some heaters with no tops were carried onto the lots and in the process the fluid spilled on plaintiff's trousers. When lighted heaters were then carried to the scene, the trousers caught fire, plaintiff was injured, and it was determined that upon such facts probable cause was properly for the jury.

Here it cannot be said that the locked barrel drum was left unsecured. There is no evidence that the boys had been observed playing with the fuel drum and the testimony of the infant plaintiff and his brother is that they were not certain that they had ever seen the drum on the premises before. The evidence in behalf of the plaintiff is that the drum was left because of the belief that there was no more gasoline in the drum.

The judgment in favor of the defendants Nelson is affirmed. In Driscoll the Supreme Court reversed a judgment for the plaintiff and remanded to the trial court with directions to enter judgment for the defendant. Upon such authority the judgment against the defendant, Rune, is reversed.

Affirmed in part, reversed in part.

SMITH, J., concurs.

CRAVEN, J., dissents.

CRAVEN, J., dissenting.

I concur in the majority opinion insofar as it relates to the defendants Gordon K. Nelson and Marion Nelson. I cannot agree that the opinion of the Supreme Court in Driscoll is determinative of the issue of liability as to the defendant Rune. I would affirm the judgment entered upon the verdict of the jury against that defendant.

There are many issues presented by this appeal but in view of the majority opinion exonerating Rune, as a matter of law, these issues need be mentioned only in passing. The trial court correctly determined complex issues as to instructions, evidence and the possible contributory negligence of the parents in this action by a minor by his father as next friend.

In my opinion, a factual issue was presented for determination by the jury and the jury's determination on the issue of liability was not contrary to the manifest weight of the evidence. The evidence establishes actual knowledge of the conditions and knowledge that the conditions involved risks to children known to play on the premises. The jury was well warranted in finding foreseeability of harm. See Lance v. Senior, 36 Ill2d 516, 224 NE2d 231 (1967).

In Driscoll v. C. Rasmussen Corp., 35 Ill2d 74, 219 NE2d 483 (1966), we find a similar but distinguishable fact situation. In that case a trash pile near a construction site contained some paint or lacquer cans with paint or lacquer in some of them. The plaintiff in that case, a seven-year-old boy, playing on the pile, splashed some paint or lacquer on his clothing and was burned when it was ignited from a fire he and his friends had started in the vicinity. The Supreme Court held as a matter of law that the contractor was free from liability.

In so holding the court observed that the paint or lacquer was not explosive nor inherently dangerous although combustible. The trash pile was not inherently dangerous and could not reasonably be said to have been the proximate cause of the plaintiff's injury. In the instant case the barrel with gasoline in it could reasonably have been found to constitute a dangerous condition— at least a fact issue was presented. Svienty v. Pennsylvania Railroad, 8 Ill App2d 360, 132 NE2d 83 (1st Dist 1956). The defendant Rune knew that children did,

in fact, play at the building site. Indeed, the defendant had on prior occasions removed the gasoline barrel from the building site perhaps because of a recognition of the danger.

I recognize the necessity of drawing a line, on one side of which a defendant is exonerated from liability as a matter of law and on the other a question of fact is to be determined by the jury. In my judgment this case falls in the area of a factual determination. Again by reference to Lance, the likelihood of injury, the magnitude of the burden of guarding against it and the consequences of placing that burden upon the defendant must be considered. I would affirm the judgments of the trial court.