VICTOR G. SAHARA, a Minor, by Julius V. Czochara, his Father and Next Friend, Plaintiff-Appellee, *v.* RAGNAR BENSON, INC., *et al.*, Defendants-Appellants.

First District (1st Division)    No. 76-1018

Opinion filed August 15, 1977.

Sweeney and Riman, Ltd., of Chicago (Marvin Riman, Elliot R. Schiff, and Francis J. Marasa, of counsel), for appellants.

Angelo D. Mistretta, Ltd., of Chicago (Sidney Z. Karasik, of counsel), for appellee.

Mr. PRESIDING JUSTICE GOLDBERG delivered the opinion of the court:

Victor G. Sahara, a minor, by Julius V. Czochara, his father and next friend, brought this action for personal injuries against Ragnar Benson, Inc. (defendant), and a codefendant not involved in this appeal. After the pleadings had been filed, defendant made a motion for summary judgment. Plaintiff filed a response. Defendant's motion was denied. The trial court certified for appeal to this court the question of law as to

"[w]hether a person in possession or control of premises frequented by small children has an obligation upon which liability can be founded for injuries resulting from the conduct of one trespasser injuring another * * *." This court granted leave to appeal under Supreme Court Rule 308, Ill. Rev. Stat. 1975, ch. 110A, par. 308.

The facts are virtually undisputed. Defendant was engaged in construction activities on real estate in Chicago owned by the codefendant. There had been an excavation and mounds of earth about 20 feet high were situated around an excavation about 20 feet deep. There was water in the bottom of the hole. About 5 p.m. on September 16, 1968, plaintiff, then 12 years of age, rode into the construction area on a bicycle. A companion of plaintiff went down into the hole. Plaintiff remained above with the bicycles. There were other children in the vicinity standing in the hole and upon the mounds of earth. They were playing with the clay and throwing rocks and mud into the water in the hole. Plaintiff had previously seen children in this area.

There was construction equipment on the premises but no work was being done at that hour. The area was not enclosed and no warning signs were posted. Plaintiff waited for his friend about 5 feet from the edge of the hole. Another child, whose identity is unknown to plaintiff, threw a stone which struck plaintiff near the left eye; allegedly causing blindness of that eye.

In this appeal, defendant takes the position that since the objects left accessible to the children were not inherently dangerous, harm to the plaintiff was not reasonably foreseeable so that defendant was not liable; and, a contractor in possession of the premises is not liable for injuries to a minor which could not be foreseen or reasonably anticipated and would not have resulted were it not for a new and independent intervening cause. Plaintiff takes the position that liability from an instrumentality which was rearranged from its natural state is determined by an examination of the danger from the instrumentality as arranged, not from whether the instrumentality is dangerous *per se*; and, also, since the true basis of liability is the foreseeability of harm to a child, the issues were solely for determination by the jury as to whether children were enticed to play on the premises, whether this activity involved danger and whether the contractor should have anticipated the probability of accident and injury.

■■■ Since the decision in *Kahn v. James Burton Co.* (1955), 5 Ill. 2d 614, 126 N.E.2d 836, involving lumber piled by defendant at a construction site which pile toppled over upon and injured a child, the courts of Illinois do not apply the attractive nuisance theory. Instead, our courts hold that where a person in possession of property knows, or should know, that young children frequent the vicinity of a defective

structure or dangerous agency on the land, which is likely to cause injury because of the inability of children to appreciate the risk, there is a duty to exercise due care to protect children from injury foreseeably resulting therefrom, when the cost of remedying the condition is low in comparison with the existing risk. The true basis of such liability is, "[t]he foreseeability of harm to the child." 5 Ill. 2d 614, 625.

In our opinion, the case before us is governed by *Donehue v. Duvall* (1968), 4 Ill. 2d 377, 243 N.E.2d 222. The facts in both situations are quite similar. According to the complaint in *Donehue*, some loads of dirt were delivered to and piled up in defendants' backyard. The defendants knew, or should have known, that neighborhood children came to play and often threw clods of dirt at each other. One of the boys threw a clod containing broken glass at another child and thus caused an injury. The trial court dismissed plaintiff's complaint for failure to state a cause of action. The appellate court reversed. (*Donehue v. Duval* (1967), 90 Ill. App. 2d 472, 233 N.E.2d 447.) The supreme court reversed the appellate court and held that the complaint did not state a cause of action. The supreme court pointed out that where the injury was not "foreseen or reasonably anticipated" so that it would not have resulted without a new and independent intervening cause, no liability should be imposed. The supreme court held that the pile of dirt was not inherently dangerous so that, as a matter of law, the type of injury which occurred was not foreseeable. We see no material differentiation between the facts presented by defendant's motion for summary judgment in the case before us and the admitted facts in *Donehue*. In both situations the cause of the injuries was the wrongful acts by which the dirt or stones were hurled at the plaintiffs and not the acts or omissions of the defendants. In our opinion, application of *Donehue* to the instant case requires that summary judgment be entered for defendant.

This result is further supported by the definition of foreseeability as recently expressed by the Supreme Court of Illinois. (*Winnett v. Winnett* (1974), 57 Ill. 2d 7, 310 N.E.2d 1.) In discussing the concept of "foreseeability" the court stated that the term did not necessarily apply to every injury that might possibly occur. The court defined foreseeability as "that which it is *objectively reasonable* to expect, not merely what might conceivably occur." (57 Ill. 2d 7, 12-13.) The court also pointed out that, even though questions of foreseeability generally present an issue for resolution by the trier of fact, this is not true in all cases and it is proper to dismiss a complaint where the facts alleged demonstrate a lack of liability.

Plaintiff urges that defendant should be liable under *Kahn* because the mounds of excavated dirt became a "dangerous agency" which defendant could reasonably anticipate would be used as projectiles by playing

children. We cannot agree. Liability arising from this theory would necessarily be based in large measure on the fact that the possessor of the premises has superior knowledge of dangers which the child cannot understand. Following the *Kahn* test, defendant cannot be liable where the mud pile was not likely to cause injury because of plaintiff's inability as a 12-year-old child to appreciate the risk of harm inherent in the throwing of rocks and mud. (*Kahn*, 5 Ill. 2d 614, 625.) We conclude that the risks of injury from the type of activity in the case before us are well within the common understanding of children such as plaintiff. See *Phillips v. J. F. Martin Cartage Co.* (1976), 42 Ill. App. 3d 890, 894, 356 N.E.2d 1237, *appeal denied* (1977), 65 Ill. 2d 580, and cases there discussed.

The order appealed from is accordingly reversed and the cause is remanded with directions for the entry of a summary judgment in favor of defendant.

Order reversed and cause remanded with directions.

McGLOON and O'CONNOR, JJ., concur.