ANDREA COLE, a Minor, by Melody Cole, her Mother and Next Friend, Plaintiff-Appellant, *v.* THE HOUSING AUTHORITY OF LA SALLE COUNTY *et al.,* Defendants-Appellees.

Third District   No. 77-473

Opinion filed January 26, 1979.

Louis E. Olivero, of Peru, for appellant.

Craig M. Armstrong and Robert L. Carter, both of Armstrong & Carter, of Ottawa, and Herbolsheimer, Lannon, and Henson, of LaSalle (R. J. Lannon, Jr., and Robert M. Hansen, of counsel), for appellees.

Mr. PRESIDING JUSTICE BARRY delivered the opinion of the court:

The plaintiff, Andrea Cole, brought suit by her mother and next friend, Melody Cole, in the Circuit Court of La Salle County against The Housing Authority of La Salle County, Illinois, and Jean A. McCoy and Sons, Inc., a construction contractor, for personal injuries. The plaintiff, an 8-year-old child, was injured as the result of being struck along the left side of her face and nose with a metal stake thrown or swung by another child. Both defendants filed motions for summary judgment which motions the trial court granted in an order dated October 7, 1977. In its order the trial court stated the reasons for granting summary judgments as there being no basis for a finding that the metal stake was inherently dangerous and that the injury here was not foreseeable or reasonable to anticipate. Plaintiff timely appealed from the summary judgments against her.

On review, plaintiff phrases the issue as whether the determination that an instrumentality which injures a child is or is not an inherently dangerous object or agency is a material question of fact precluding summary judgment.

The plaintiff lived with her mother and father at a housing project owned and operated by the defendant, Housing Authority. The Housing Authority had contracted with the defendant McCoy and Sons, Inc., hereinafter referred to as the construction company, to replace, restore and reconstruct certain sidewalks, stoops, curbs and gutters at the housing project. In working on the construction project, the defendant construction company had placed several piles of sand in the area with the largest being located in the parking lot of the housing project. The construction company used metal and wooden stakes on the job to fasten the wooden frames used to form the sidewalks. The children in the neighborhood frequented the construction site and were known to have used the sand piles for play.

On April 19, 1974, the plaintiff, along with other children from the housing project and the neighborhood, was sitting and playing on the large sand pile in the housing project parking lot. Plaintiff was struck and injured by one of the metal stakes which the construction company had not picked up when it was thrown or swung by another child.

The children who played around the construction site had been told to leave and keep out of the way. The construction company had also placed barricades with yellow flashers to form a continuous line around the construction area. The facts also indicated the employees of the construction company would pick up all the stakes being utilized on the job at the end of each day and place them in a storage building.

■■ The purpose of the summary judgment procedure of the Illinois Civil Practice Act is a determination of cases before trial on the merits if there are no genuine issues of material fact in dispute in the case. (Ill. Rev. Stat. 1973, ch. 110, par. 57.) "If the pleadings, discovery depositions and exhibits present a genuine issue as to any material fact, the [summary] judgment order ought not to have been entered." (*Halloran v. Belt Ry. Co.* (1960), 25 Ill. App. 2d 114, 118, 166 N.E.2d 98, 100.) If the defendants in this case were therefore entitled to judgment as a matter of law and no genuine issue of material fact was presented the summary judgment entered was proper. We believe it was.

■■ Since the case of *Kahn v. James Burton Co.* (1955), 5 Ill. 2d 614, 126 N.E.2d 836, the Illinois courts have abandoned the traditional notion of the attractive nuisance theory of tort liability in cases such as the present one and substituted therefore the theory of ordinary common law negligence. The supreme court pointed out in the *Kahn* case that the element of attraction is significant only in so far as it indicates that the trespass by the child should be anticipated. The basis for the liability of the property owner then is the foreseeability of the harm to the child. The law imposes a duty on the part of the property owner who knows or should know young children habitually frequent the property on which a dangerous agency exists and which dangerous condition is likely to cause injury to the children because of their incapability of appreciating the danger due to their immaturity, and where the expense or inconvenience of remedying the dangerous condition or preventing the trespassing children is not unreasonable.

In the instant case we recognize that the defendants clearly owed the plaintiff a duty to not negligently cause her injury based upon the status of the plaintiff as a tenant of the Housing Authority, and indirectly through its agent the defendant construction company. Plaintiff premised her theory of recovery upon a breach of the duty owed her by both defendants. The question to be decided is whether either or both defendants failed to use due care so as not to allow the plaintiff to be negligently injured while she was upon the premises. The plaintiff's presence in the parking lot need not be explained on the basis of the attractiveness of the sand pile to playing children. She was in an area common to the use of all tenants and under the defendant landlord Housing Authority's control. The ordinary duty of a landlord to its tenant existed with respect to maintenance and control of the parking lot provided for the tenants by the Housing Authority. The relationship of the defendant construction company acting for the Housing Authority in performing repairs to the premises and the duty to act with reasonable care to both the general public and the tenants legitimately upon the premises are both clearly established.

In connection therewith we have examined the case of *Smith v. Springman Lumber Co.* (1963), 41 Ill. App. 2d 403, 191 N.E.2d 256, cited to us by the plaintiff which is in many respects factually similar to the present case. There a landlord-tenant relationship existed and a 7½-year-old tenant's daughter was injured when she fell from an old unused fuel oil tank. The tank was in close proximity to a tree which children frequently climbed and which fact was known to the landlord. In fact the defendant there had received several warnings to remove the abandoned tank. In that case the court correctly referred to the ordinary negligence standards set forth in the *Kahn* case and emphasized that the basis of liability is the foreseeability of the harm to the child. There the court held the facts presented a question of foreseeability properly to be determined by the jury. The court in *Smith* also relied upon the small cost of removing the dangerous condition and the relative ease in doing so in deciding that the issues presented were fact questions, properly to be decided by the jury and which would not be upset on appeal.

We believe the same standard of reasonableness, foreseeability, and proximate causation should be applied to the case at bar. The defendants correctly argue that the cases support a determination as a matter of law that the metal stake was not an inherently dangerous instrumentality and that the injury to plaintiff here was not of such a character as to be foreseeable by an ordinarily prudent person.

In the case of *Donehue v. Duvall* (1968), 41 Ill. 2d 377, 243 N.E.2d 222, a child was injured while playing on dirt piles in the backyard of a defendant's house when another child threw a clod of dirt with a piece of broken glass in it and injured the plaintiff. Although the court stated in *Donehue* that the clod of dirt was not inherently dangerous, the holding of the court, that a cause of action was not stated because the injury was not reasonably foreseeable, was based upon the conclusion that the cause of the injury was the independent intervening act of the other child throwing the dirt clod. Our sentiments were declared by the supreme court in another factually similar case wherein it is stated, "It is always unfortunate when a child gets injured while playing, but a person who is merely in possession and control of the property cannot be required to indemnify against every possible injury thereon." (*Driscoll v. C. Rasmussen Corp.* (1966), 35 Ill. 2d 74, 79, 219 N.E.2d 483, 486.) The likelihood of the injury, the magnitude of the burden of guarding against it and the consequences of placing that burden upon the defendants, all must be taken into consideration.

The cost and ease with which the landlord could have remedied the dangerous condition in the similar case of *Smith v. Springman Lumber Co.* (1963), 41 Ill. App. 2d 403, 191 N.E.2d 256, presented a clear question for the trier of fact as to whether the defendant landlord had breached the

duty of ordinary care to which the law required him to conform his conduct. But there the defendant was warned to remove the tank and failed to do so. However, in the case at bar the defendants placed barricades and flashing lights out to seal off the construction area and repeatedly warned the children to stay out of the area. The workman picked up stakes and equipment daily and placed everything in storage boxes. The general rule is liability must be based on some fault of the defendants. The alleged fault of the defendants here is allowing the metal stakes to lie around where small children frequently played. In order to premise liability upon this, the metal stakes must be inherently dangerous or create a dangerous condition. We agree with the trial court that the metal stakes, any more than would be one of the wooden stakes, or a stick, were not so inherently dangerous as to make the injury to a playing child reasonably foreseeable. Similar cases have reached this result with a variety of physical objects which although not inherently dangerous did ultimately result in injury to a child. As stated earlier in *Donehue v. Duvall* (1968), 41 Ill. 2d 377, 243 N.E.2d 222, the court found that a dirt clod containing a piece of glass was not inherently dangerous. The case of *Driscoll v. C. Rasmussen Corp.* (1966), 35 Ill. 2d 74, 219 N.E.2d 483, found that old cans of paint in a trash pile which children ignited were not inherently dangerous. In a very similar case factually, *Sahara v. Ragnar Benson, Inc.* (1st Dist. 1977), 52 Ill. App. 3d 119, 367 N.E.2d 233, the court held that a rock thrown from a dirt pile by another child also was not inherently dangerous itself or in combination with the dirt pile that attracted the children. The case of *Hancock v. Luetgert* (2d Dist. 1976), 40 Ill. App. 3d 808, 353 N.E.2d 165, ruled that even a sickle given to a 10-year-old child was not inherently dangerous and that it was not reasonably foreseeable that the child would fall on it. *Merkousko v. Janik* (1st Dist. 1973), 14 Ill. App. 3d 343, 302 N.E.2d 390, involved a dirt pile near a tree which a child fell from. The court there held that neither the dirt pile nor tree, alone or in combination, was an inherently dangerous instrumentality which would render the injury to the child from falling from the tree reasonably foreseeable. Also consistent with this line of cases are *Reeves v. City of Springfield* (1972), 5 Ill. App. 3d 880, 284 N.E.2d 373, and *Landman v. M. Susan & Associates, Inc.* (1965), 63 Ill. App. 2d 292, 211 N.E.2d 407, where the courts respectively refused to find a license plate or sand which were thrown by another child in each case to be inherently dangerous or consequently reasonably foreseeable. This line of cases supports the trial court's determination that the metal stakes were not inherently dangerous as a matter of law. In the recent case of *Corcoran v. Village of Libertyville* (1978), 73 Ill. 2d 316, the supreme court reaffirmed the principles announced in the *Kahn* case and held that a ditch into which a two-year-old child fell was not a reasonably

foreseeable risk for which the defendants would be required to anticipate.

The plaintiff mistakenly relies upon the case of *Stewart v. DuPlessis* (1963), 42 Ill. App. 2d 192, 191 N.E.2d 622, where a child was injured when another child threw slaking lime into the eye of another child. We see no difficulty agreeing with the court in that case that the question of the slaking lime being inherently dangerous or not is properly a question for the jury. The character of the metal stakes, by comparison to similar objects in other cases held not to be inherently dangerous, does allow for the determination in the present case to be one proper for summary judgment. Plaintiff's reliance upon the cases of *Crohn v. Congregation B'Nai Zion* (1st Dist. 1974), 22 Ill. App. 3d 625, 317 N.E.2d 637, and *Miller v. Veterans of Foreign Wars* (1965), 56 Ill. App. 2d 343, 206 N.E.2d 316, is without merit. Although both cases found otherwise harmless objects to present a jury question as to their dangerous character, a baseball bat in *Crohn* and a stage door in *Miller*, the negligence alleged in both cases was a failure to properly supervise the plaintiffs' or other children's activity was presented. We find both cases to be distinguishable from the present case before us.

Having analyzed the case law applicable to the issue before us, we believe that courts in similar factual situations have concluded, as we do, that objects of similar nature to the metal stake involved here, are not inherently dangerous. (See *Corcoran v. Village of Libertyville* (1978), 73 Ill. 2d 316.) We also believe that the misuse of an otherwise harmless object by a third party constitutes an independent efficient cause of the injury which neither defendant in this case should be expected to reasonably foresee or anticipate. The cases of *Donehue v. Duvall* (1968), 41 Ill. 2d 377, 243 N.E.2d 222, *Driscoll v. C. Rasmussen Corp.* (1966), 35 Ill. 2d 74, 219 N.E.2d 483, *Sahara v. Ragnar Benson, Inc.* (1st Dist. 1977), 52 Ill. App. 3d 119, 367 N.E.2d 233, *Reeves v. City of Springfield* (1972), 5 Ill. App. 3d 880, 284 N.E.2d 373, and *Landman v. M. Susan & Associates, Inc.* (1965), 63 Ill. App. 2d 292, 211 N.E.2d 407, all support denying recovery where the wrongful act of a third person causes the injury. These cases are applicable to the present appeal and are also controlling of the issues presented.

■ Applying the standard announced in *Kahn v. James Burton Co.* (1955), 5 Ill. 2d 614, 126 N.E.2d 836, we believe that the defendants have not breached the duty of reasonable care they owed to this plaintiff. The defendants had a duty to exercise due care to protect the plaintiff from foreseeable injury resulting from a defective structure or dangerous agency on the premises, when the cost of remedying the condition is low in comparison with the existing risk. The metal stakes lying on the ground presented some degree of risk, but in and of themselves were not

inherently dangerous to the plaintiff. The small risk involved will not require the defendants to conform their conduct to that of absolutely insuring that all the stakes used on the job are picked up at the end of the day nor out of possible reach of any children about. Such a burden is not reasonable in light of the fact that injury to the plaintiff or other children on the premises is not reasonably foreseeable. This is particularly true where the proximate cause of the plaintiff's injury was not the defendants' alleged negligent conduct, but the misuse of an otherwise nondangerous object, by an independent intervening third party.

The case is appropriately one for summary judgment, as no genuine material issue of fact was presented and the defendants were entitled to a judgment order finding no liability as a matter of law. We find no error in the record before us and for the reasons stated the judgment of the Circuit Court of La Salle County is affirmed.

Judgment affirmed.

STOUDER and SCOTT, JJ., concur.