172 Ill. App.3d 712 (1988)
526 N.E.2d 950
SCOTT DUNAWAY, a Minor, et al., by Barbara Dunaway, their Mother and Next Friend, et al., Plaintiffs-Appellants,
v.
ASHLAND OIL, INC., et al., Defendants-Appellees.
No. 5-87-0254.
Illinois Appellate Court  Fifth District.
Opinion filed August 2, 1988.
*713 Long, Rabin & Young, Ltd., of Springfield, and Dale A. DeLoriea, of Robert A. Maloney, P.C., and Paul J. Bargiel, P.C., both of Chicago, for appellants.
James B. Wham, of Wham & Wham, of Centralia and Edward Szewczyk, of Donovan, Rose, Nester & Szewczyk, of Belleville, for appellee First National Bank & Trust Company of Centralia.
Terry R. Black and Carl L. Favreau, both of Campbell, Furnall, Moore & Jacobsen, P.C., of Mt. Vernon, for appellee Ashland Oil, Inc.
Order affirmed.
JUSTICE KARNS delivered the opinion of the court:
Plaintiffs, Scott and Ronald Dunaway by their mother and next friend, Barbara Dunaway, and Barbara Dunaway individually, appeal from the order of the circuit court of Clinton County dismissing their complaint against five of the named defendants for failure to state a cause of action. Five other defendants were granted summary judgment and an additional defendant was dismissed on other grounds. The summary judgment and the second dismissal are not at issue in this appeal. We affirm.
 1 In reviewing a trial court's dismissal of a complaint, we must *714 take as true all well-pleaded facts within the complaint and all reasonable inferences which can be fairly drawn therefrom. (E.g., Duncan v. Rzonca (1985), 133 Ill. App.3d 184, 190, 478 N.E.2d 603, 607; Wolcowicz v. Intercraft Industries Corp. (1985), 133 Ill. App.3d 157, 160, 478 N.E.2d 1039, 1041.) According to plaintiffs' complaint, Scott and Ronald Dunaway, on or about June 24, 1985, went with an unnamed friend onto certain land in Centralia, Illinois, containing an oil well and two storage tanks. The three boys climbed a ladder to the top of one of the storage tanks and started throwing firecrackers from the catwalk connecting the two storage tanks. A fourth boy, William Stein, age 16, joined Ronald and Scott and the unnamed friend. He took a firecracker, lit it, and dropped it through an opening of one of the storage tanks. The storage tank exploded, severely burning and injuring all four boys. Scott, at the time of the occurrence, was 16, and Ronald was 14 years old.
The complaint further alleged that the property on which the occurrence took place was owned by Reba Penn Eberts. First National Bank and Trust Co. of Centralia, as administrator of the estate of Nick Babare, Jr., Marie Babare Edwards and Tilden H. Edwards, Jr., owned the working interest in the oil lease. Ashland Oil, Inc., as purchaser of all oil produced from the oil lease, was alleged to use, control and maintain or possess the right to use, control and maintain the storage tanks. Plaintiffs further alleged that children regularly played in the vicinity of the oil well and storage tanks and that defendants knew or should have known this fact, yet failed to place warning signs on the property or tanks and failed to lock or otherwise adequately secure the lids of the storage tanks and/or enclose the tanks within a locked fence.
All of the defendants filed motions to dismiss those counts pertaining to them. The trial court, after a hearing on all motions and after the filing of memoranda in support of and in opposition to the motions, dismissed plaintiffs' complaint. The court concluded in its order that the danger of using firecrackers "upon, in or around the immediate vicinity of oil storage tank batteries may objectively be expected to be fully understood and appreciated by any child of an age to be allowed at large and certainly by [14 and 16] year old boys."
Plaintiffs argue on appeal the trial court erred in granting the motions to dismiss on the grounds that Ronald and Scott, as a matter of law, were able to appreciate the risks presented by the storage tanks while also holding that the tanks constituted a dangerous agency existing on the land. We need not address plaintiffs' contentions in this instance for we find that plaintiffs' pleadings fail to demonstrate *715 that any acts or omissions on the part of defendants proximately caused their injuries.
 2 Under the principles established in Kahn v. James Burton Co. (1955), 5 Ill.2d 614, 126 N.E.2d 836, an owner or occupier of land may be held liable for injuries sustained by a child on the premises if the owner or occupier of the property knows or should know that children frequent the property and if the cause of the child's injury was a dangerous condition existing on the land. (5 Ill.2d at 625, 126 N.E.2d at 842. See also Hinojosa v. City of Chicago Heights (1988), 166 Ill. App.3d 319, 324, 519 N.E.2d 976, 979; Newby v. Lake Zurich Community Unit, District 95 (1985), 136 Ill. App.3d 92, 98, 482 N.E.2d 1061, 1066.) The same is also true for any party that creates a dangerous condition on someone else's land. (See Corcoran v. Village of Libertyville (1978), 73 Ill.2d 316, 324, 383 N.E.2d 177, 179; Warchol v. City of Chicago (1979), 75 Ill. App.3d 289, 297, 393 N.E.2d 725, 731.) A dangerous condition is one that a child, by reason of his immaturity, would not be able to appreciate or avoid the attendant risks. (Kahn, 5 Ill.2d at 625, 126 N.E.2d at 842; Newby, 136 Ill. App.3d at 98, 482 N.E.2d at 1066.) Plaintiffs alleged all of the defendants had the requisite connection to the land or condition created thereon and all knew or should have known that children regularly frequented the site of the oil tanks. The question then becomes whether the cause of plaintiffs' injuries resulted from a dangerous condition on the land.
 3 No matter how favorably we consider the facts alleged in plaintiffs' complaint, plaintiffs' injuries resulted not from the existence of the storage tanks on the land, whether or not viewed as dangerous conditions, but from the unforeseen actions of a third party, William Stein, dropping a lighted firecracker into one of the tanks. Injuries to trespassing children are not actionable unless they could have been foreseen or reasonably anticipated as a consequence of the condition of the land. (Hinojosa, 166 Ill. App.3d at 325, 519 N.E.2d at 980.) To establish reasonable foreseeability, plaintiffs must show more than that defendants could have foreseen that the event was possible; they must show the occurrence was "objectively reasonable to expect." (Winnett v. Winnett (1974), 57 Ill.2d 7, 13, 310 N.E.2d 1, 5; Hinojosa, 166 Ill. App.3d at 325, 519 N.E.2d at 980.) Stein's actions were not objectively reasonable to expect. (See Driscoll v. C. Rasmussen Corp. (1966) 35 Ill.2d 74, 78, 219 N.E.2d 483, 485.) And, the creation of a legal duty requires more than a mere possibility of occurrence. Cunis v. Brennan (1974), 56 Ill.2d 372, 376, 308 N.E.2d 617, 619.
 4 Defendants' alleged negligence in failing to enclose and lock *716 the storage tanks or to post warning signs on the property and tanks merely created a condition by which plaintiffs' injuries were made possible. We initially note that foreseeability and proximate cause cannot be made dependent upon the absence of warnings. (See Okleshen v. Rune & Sons, Inc. (1969), 117 Ill. App.2d 244, 250, 254 N.E.2d 554, 558.) More importantly, the existence of the condition created by defendants' acts or omissions was not the proximate cause of plaintiffs' injuries. The cause of the injuries was that which actually produced them, in this instance, the independent intervening act of a third party. (See Briske v. Village of Burnham (1942), 379 Ill. 193, 199, 39 N.E.2d 976, 979; Boylan v. Martindale (1982), 103 Ill. App.3d 335, 341-42, 431 N.E.2d 62, 68.) The misconduct of Stein dropping a firecracker into the tank broke any chain of causation from defendants' alleged negligent acts or omissions to plaintiffs' injuries and thereby became the proximate cause of plaintiffs' injuries. (See Merlo v. Public Service Co. (1942), 381 Ill. 300, 317, 45 N.E.2d 665, 675; Briske, 379 Ill. at 199, 39 N.E.2d at 979; Vest v. City of Granite City (1982), 106 Ill. App.3d 36, 38-39, 435 N.E.2d 755, 757-58. See also Feldscher v. E & B, Inc. (1983), 95 Ill.2d 360, 369, 447 N.E.2d 1331, 1335-36; Donehue v. Duvall (1968), 41 Ill.2d 377, 380, 243 N.E.2d 222, 224; Driscoll, 35 Ill.2d at 78, 219 N.E.2d at 485. Cf. Baggett v. Ashland Oil & Refining Co. (1968), 92 Ill. App.2d 433, 443-44, 236 N.E.2d 243, 248 (no third-party intervention to break the chain of causation).) The mere fact that the injuries occurred on property owned by or under the control of defendants does not warrant the inference that the harm plaintiffs suffered was reasonably foreseeable or anticipated as a condition of the land, or that defendants were negligent in maintaining the tanks or the land, or even that the tanks constituted a dangerous condition on the land. (Donehue, 41 Ill.2d at 380, 243 N.E.2d at 224; Driscoll, 35 Ill.2d at 79, 219 N.E.2d at 486.) We also note an instrumentality does not become a dangerous condition merely because it is capable of being abused or wrongfully used. (See Newby, 136 Ill. App.3d at 99, 482 N.E.2d at 1067; Hootman v. Dixon (1984), 129 Ill. App.3d 645, 649, 472 N.E.2d 1224, 1227; Bazos v. Chouinard (1981), 96 Ill. App.3d 526, 529, 421 N.E.2d 566, 568.) Defendants are not insurers of plaintiffs' safety. (Donehue, 41 Ill.2d at 379, 243 N.E.2d at 223; Driscoll, 35 Ill.2d at 78, 219 N.E.2d at 485. See also Fuller v. Justice (1983), 117 Ill. App.3d 933, 940, 453 N.E.2d 1133, 1137.) Quite simply, the cause of plaintiffs' injuries was not the oil storage tanks but the firecrackers with which they were playing. (See Driscoll, 35 Ill.2d at 78, 219 N.E.2d at 485; Hinojosa, 166 Ill. App.3d at 324, 519 N.E.2d at 979; Sahara v. Ragnar Benson, *717 Inc. (1977), 52 Ill. App.3d 119, 121, 367 N.E.2d 233, 235.) While plaintiffs' injuries are unfortunate indeed, defendants are not to blame.
We recognize that the trial court chose not to dismiss plaintiffs' complaint on the lack of proximate cause noting that there may be more than one proximate cause to every occurrence (see Lee v. Grand Trunk Western R.R. Co. (1986), 143 Ill. App.3d 500, 512, 492 N.E.2d 1364, 1374; Albright v. Parr (1984), 126 Ill. App.3d 464, 469, 467 N.E.2d 348, 352). It is also true that generally questions of foreseeability and proximate cause present an issue for resolution by the trier of fact. (See Lee, 143 Ill. App.3d at 512-13, 492 N.E.2d at 1374; Newby, 136 Ill. App.3d at 105, 482 N.E.2d at 1071; Boylan, 103 Ill. App.3d at 341, 431 N.E.2d at 67; Sahara, 52 Ill. App.3d at 121, 367 N.E.2d at 235.) But, it is also true that when the facts alleged in a complaint demonstrate a lack of liability, the complaint should be dismissed. (See Winnett, 57 Ill.2d at 13, 310 N.E.2d at 5; Holbrook v. Peric (1984), 129 Ill. App.3d 996, 1000, 473 N.E.2d 531, 535; Sahara, 52 Ill. App.3d at 121, 367 N.E.2d at 235.) Such is the case here. Moreover, the real issue on appeal is whether the trial court's order dismissing plaintiff's complaint was correct, not the reasoning of the court or the grounds for its decision. See Stigler v. City of Chicago (1971), 48 Ill.2d 20, 25, 268 N.E.2d 26, 29; Duncan, 133 Ill. App.3d at 191, 478 N.E.2d at 607; Shufelt v. City of Rockford (1980), 89 Ill. App.3d 717, 719, 412 N.E.2d 4, 6.
For the aforementioned reasons, we affirm the judgment of the circuit court of Clinton County dismissing plaintiffs' complaint.
Affirmed.
WELCH and LEWIS, JJ., concur.