Romine v. Village of Irving

(text box: 1)
 NO. 5-01-0798

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

________________________________________________________________________

TEDD M. ROMINE and )  Appeal from the

AMANDA D. ROMINE, )  Circuit Court of

)  Montgomery County.

Plaintiffs-Appellants, )  

)

v. )  No. 00-L-19

)

THE VILLAGE OF IRVING, )  Honorable

)  Mark M. Joy,

Defendant-Appellee. )  Judge, presiding.

________________________________________________________________________

PRESIDING JUSTICE HOPKINS delivered the opinion of the court:

Tedd and Amanda Romine (plaintiffs) appeal the trial court's decision entering a summary judgment in favor of the Village of Irving (defendant).  On appeal, plaintiffs, who were involved in a car accident with Dixie Osborne, contend that the trial court erred because a genuine issue of material fact, 
i.e.
, whether the police officers' actions of directing Dixie to leave the premises while intoxicated, constituted willful and wanton conduct and precluded a summary judgment.  We affirm the decision of the circuit court.

FACTS

On June 6, 1999, John Osborne drove his wife, Dixie, and their five sons to a homecoming festival in Irving, Illinois.  After escorting their children to the festival, John and Dixie parked their van in front of a tavern, where each consumed approximately 12 bottles of beer.  After a few hours, John and Dixie exited the tavern and walked several blocks to return to the festival.  Once she left the tavern, Dixie did not consume additional alcoholic beverages.  

At the festival, while exiting a beer tent, John encountered one of his sons, and while "horsing around," John struck his son.  Officer Brent Keele, an Irving police officer, and deputy Bruce Sanford, of the Montgomery County sheriff's department, witnessed the occurrence.  Officer Keele confronted John, John became belligerent, and Officer Keele ultimately handcuffed John and, accompanied by Deputy Sanford, walked John 30 yards from the beer tent.  

Concerned that her husband was being handcuffed, Dixie approached John and the officers.  Once John's son indicated that he did not want to press charges, the officers released John and told John and Dixie to leave.  Neither officer told John or Dixie to get into a vehicle to leave the area, and neither officer saw them approach a vehicle.  Both officers observed John and Dixie walking from the beer tent area.  Officer Sanford testified in his deposition that he knew that John and Dixie were not from Irving, knew that they were intoxicated, and suggested, as John and Dixie were walking from the beer tent, that they not drive a vehicle.

John and Dixie walked from the festival to their van at the tavern.  Dixie, driving away in the van, collided with plaintiffs' vehicle, thereby injuring plaintiffs.

On June 6, 2001, the trial court found that the focus of the police action was John and that no evidence supported the allegations that defendant permitted Dixie to operate her vehicle while intoxicated, instructed her to drive while she was intoxicated, or failed to prevent her from operating her vehicle when it knew or should have known of her intoxication.  Accordingly, the trial court entered a summary judgment in favor of defendant.  On June 28, 2001, plaintiffs filed a motion to reconsider the court's ruling on the motion for a summary judgment, which the trial court denied on July 31, 2001.  Plaintiffs filed their timely appeal.

ANALYSIS

Plaintiffs contend that the police officers' actions of instructing Dixie to leave the premises, when they should have known that Dixie was intoxicated, rise to willful and wanton conduct and that, therefore, defendant is liable because those actions are not protected under the Local Governmental and Governmental Employees Tort Immunity Act (see 745 ILCS 10/2-202 (West 2000)).  

There can be no recovery in tort for negligence unless the defendant has breached a duty owed to the plaintiff.  
Boyd v. Racine Currency Exchange, Inc.
, 56 Ill. 2d 95, 97 (1973).  The existence of a legal duty and the existence of immunity are separate issues, and "the [Local Governmental and Governmental Employees] Tort Immunity Act does not impose on a municipality any new duties."  
Barnett v. Zion Park District
, 171 Ill. 2d 378, 386 (1996).  "The distinction between an immunity and a duty is crucial, because only if a duty is found is the issue of whether an immunity or defense is available to the governmental entity considered[.]"  
Zimmerman v. Village of Skokie
, 183 Ill. 2d 30, 46 (1998).  

Whether defendant owed plaintiffs a legal duty is a matter of law and appropriate for a summary judgment.  
Barnett
, 171 Ill. 2d at 385.  We review summary judgment rulings 
de novo
.  
Outboard Marine Corp. v. Liberty Mutual Insurance Co.
, 154 Ill. 2d 90, 102 (1992). 

The existence of a legal duty is premised "on whether the harm reasonably was foreseeable."  
Kirk v. Michael Reese Hospital & Medical Center
, 117 Ill. 2d 507, 525 (1987).  To establish reasonable foreseeability, plaintiffs must show more than that defendant could have foreseen that the event was possible–plaintiffs must show that the occurrence was objectively reasonable to expect.  
Dunaway v. Ashland Oil, Inc.
, 172 Ill. App. 3d 712, 715 (1988).  No one can be expected to guard against harm from events that are not reasonably to be anticipated (
Cunis v. Brennan
, 56 Ill. 2d 372, 376 (1974)), and police officers have no duty to anticipate the criminal acts of third parties.  
Medley v. Turner
, 869 F. Supp. 567, 577 (N.D. Ill. 1994) (citing 
Boyd
, 56 Ill. 2d at 97-98).  "In judging whether harm was legally foreseeable[,] we consider what was apparent to the defendant at the time of his now complained of conduct, not what may appear through exercise of hindsight."  
Cunis
, 56 Ill. 2d at 376.

In the case 
sub judice
, the police officers instructed John and Dixie to leave the premises and watched them walk from the beer tent area.  The officers did not witness Dixie entering a vehicle while intoxicated and certainly did not instruct her to do so.  See 
Fatigato v. Village of Olympia Fields
, 281 Ill. App. 3d 347 (1996).  Considering what was apparent to the officers at the time of John's disturbance, when they instructed Dixie and John to leave the premises, plaintiffs' injuries were not objectively reasonable to expect.  Assuming the officers' knowledge of Dixie's intoxication, the officers could not reasonably have foreseen that Dixie would walk several blocks from the festival to her van, break the law by driving while intoxicated, and ultimately cause an accident and injure plaintiffs.  We hold that the remote possibility of the accident did not give rise to a legal duty on the part of the police officers, and by extension the municipality, to plaintiffs to provide against their injury.  See 
Cunis
, 56 Ill. 2d at 378.  

To determine the question of legal duty in a negligence action, we also consider the magnitude of the risk involved, the burden of requiring the State to guard against the risk, and the consequences of placing such a burden on the State.  See 
Lance v. Senior
, 36 Ill. 2d 516, 518 (1967).  We recognize that plaintiffs were wrongly injured by a drunk driver, an all-too-common occurrence, but the burden of guarding against plaintiffs' injuries would be very cumbersome for police officers, who would be required to ascertain the whereabouts of each intoxicated person with whom they came into contact.  Holding the municipality liable for the harmful and illegal acts of an intoxicated person who, at the time of contact with police, was not the center of police action and was not driving or approaching a vehicle while intoxicated would be an unreasonable burden on the municipality.  Thus, in addition to the unforeseeability of plaintiffs' harm, public policy dictates that no duty be imposed on defendant under the facts of this case. 

CONCLUSION

For the foregoing reasons, the judgment of the circuit court of Montgomery County is affirmed.  

Affirmed.

MAAG and KUEHN, JJ., concur.  

NO. 5-01-0798

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

___________________________________________________________________________

TEDD M. ROMINE and )  Appeal from the

AMANDA D. ROMINE, )  Circuit Court of

)  Montgomery County.

     Plaintiffs-Appellants, )  

)

v. )  No. 00-L-19

)

THE VILLAGE OF IRVING, )  Honorable

)  Mark M. Joy,

     Defendant-Appellee. )  Judge, presiding.

___________________________________________________________________________

Opinion Filed
: January 15, 2003

___________________________________________________________________________

Justices
: Honorable Terrence J. Hopkins, P.J.

Honorable Gordon E. Maag, J., and

Honorable Clyde L. Kuehn, J.,

Concur

___________________________________________________________________________

Attorney
 David A. Rolf, Sorling, Northrup, Hanna, Cullen and Cochran, Ltd.,

for
 Suite 800, Illinois Building, 607 East Adams Street, P.O. Box 5131,

Appellants
 Springfield, IL  62705

___________________________________________________________________________

Attorney
 Douglas R. Heise, Schrempf, Blaine, Kelly & Darr, Ltd., 307 Henry

for
 Street, Suite 415, P.O. Box 725, Alton, IL  62002

Appellee
 

___________________________________________________________________________

COMMENTS AND ANNOTATIONS
Text Box 1:

TEXT BOXES
NOTICE

Decision filed 01/15/03.  The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.